HORNBROOK-PRICE COMPANY *v.* STEWART.

[No. 10,046. Filed January 11, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury to Servant.—Notice.—When Necessary.*—Under §22 of the Workmen's Compensation Act, Acts 1915 p. 392, requiring every injured employe or his representative, immediately upon the occurrence of an injury, or as soon thereafter as practicable, to give the employer written notice, and providing that the employe shall not be entitled to physician's fees or compensation which may have accrued prior to the giving of the notice, unless it can be shown that the employer, his agent, or representative had knowledge of the injury, but no compensation shall be payable unless the written notice is given within thirty days after the injury, unless reasonable excuse is made, and §23, requiring notice to be given personally to the employer or any of his agents upon whom a

summons in a civil action may be served under the laws of the state or to be sent to the employer by registered letter, knowledge of an injury on the part of the foreman under whose direct and immediate supervision claimant worked, and on the part of the factory superintendent, who had general supervision of the plant, within twenty-four hours after the accident, was imputable to the employer, so that it was not necessary, to excuse the failure to give written notice, that knowledge of the injury should be brought to the attention of some agent or representative upon whom summons in a civil action could be served.   p. 403.

2.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury to Servant.—Notice.—Time for Serving.*—Where an employe sustained a rupture in June, which did not immediately disable him and, with the aid of a truss, he continued to work for the same employer for several months, his superiors knowing of his condition and recognizing it by giving him lighter work, but in January of the following year, because of the aggravated condition of the rupture, he became totally disabled, the real injury did not develop until January and notice of the injury within thirty days thereafter was given in due time.   p. 403.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by John M. Stewart against the Hornbrook-Price Company.  From an award for applicant, the defendant appeals.  *Affirmed.*

*Henley & Joseph,* for appellant.

*Frank B. Ross,* for appellee.

DAUSMAN, J.—In June, 1916, appellee was, and for a long time prior thereto had been, a workman in appellant's factory.  In the latter part of said month —the precise day appellee is unable to state—he was engaged in cutting heavy sheet steel with hand shears.  The work required severe physical exertion. In order to feed the steel into the shears while cutting he was required to press his abdomen against it with great force.  While thus pressing the weight of

his body against the metal and pulling down on the handle or lever of the shears, being in a condition of intense muscular strain, he "felt something give way," causing a peculiar sensation in the lower part of his abdomen. He suffered so much pain that he was unable to go on with the work. His helper then took up the work and finished that job for him, Stewart lending such assistance as he was able. The remainder of the evening he did nothing. After that he was given lighter work. For the next day or two he suffered so much that he decided to consult a doctor. The doctor discovered a "right hernia," and procured for him a truss which he has worn continuously since. He continued to work for appellant until sometime in January, 1917, when he quit because his rupture had gradually grown worse until he was disabled for manual labor.

Within five or ten minutes after the accident Stewart told his foreman about it, and the same evening or the next morning he informed the factory superintendent. He did not ask his employer to pay for the truss or for the medical services. He knew nothing of the Workmen's Compensation Act—never heard of it until about two weeks after he quit work.

On March 19, 1917, Stewart filed his application for an award of compensation. On June 11, 1917, the board made a finding of facts and an award. Among other things, the board found "that the defendant's foreman, under whom the plaintiff was working, and the defendant's superintendent both had knowledge of the plaintiff's accident and injury within twenty-four hours after the occurrence."

Counsel for appellant inform this court that: "There is but one main question in this case, and

1. that is whether or not the Hornbrook-Price Company had knowledge of the accident as was intended by the legislature so as to excuse the giving of notice.'' Their contention is that §§22 and 23 of the Workmen's Compensation Act, Acts 1915 p. 392, should be construed together and in such manner as to make that part of §22 which refers to knowledge of the injury read as follows: ''unless it can be shown that the employer, his agent or representative *upon whom a summons in civil action may be served under the laws of the state,* had knowledge of the injury.''

We cannot sustain counsel's contention. The knowledge of the foreman under whose direct and immediate supervision appellee worked from day to day must be regarded as the imputed knowledge of the employer, and for greater reason the knowledge of the superintendent of the factory who had general supervision of the plant must be held to be the imputed knowledge of the corporation. No other construction can be made to harmonize with the manifest legislative intent as revealed by the statute itself. *Allen* v. *City of Millville* (1915), 87 N. J. Law 356, 95 Atl. 130. The legislature did not see fit to incorporate the above italicized words in §22, and we cannot do so by way of construction.

It should be observed that the injury is the thing of which notice is to be given and that the time is to be reckoned from the occurrence of the injury.

2. The accident causing Stewart's rupture occurred the latter part of June, 1916, but was of such a character that it did not immediately disable him. With the aid of a truss he continued to work for the same employer for a period of six months thereafter. During all this period his superi-

ors knew of his condition and recognized it by giving him lighter work. In January, 1917, because of the aggravated condition of his rupture, he became totally disabled and was obliged to quit the work. Under these circumstances it must be held that the real injury did not develop until January, 1917. Evidently the Industrial Board has so regarded it, for the award provides that compensation shall begin on January 15, 1917, and makes no allowance for the surgeon's fees for services rendered Stewart between the date of the accident and the date of the disability. It appears from appellant's answer that the statutory notice was given on February 7, 1917, and it appears from the evidence that Stewart did not quit his work until about the middle of the preceding month, at which time his injury had become disabling and the doctor told him that he "would have to quit for a while." It follows that the proper notice was given within thirty days after the injury. In view of all the facts we are unable to perceive wherein appellee has failed to comply with the statute. *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; Dawbarn, Workmen's Compensation (4th ed.) 159 *et seq.*

The award of the Industrial Board is affirmed, and by virtue of the act of 1917 the amount thereof is hereby increased five per cent.

NOTE.—Reported in 118 N. E. 315. Workmen's compensation: notice of accident and claim for compensation under act, L. R. A. 1916A 83, 244, Ann. Cas. 1917D 867.