VANDALIA COAL COMPANY *v.* HOLTZ.

[No. 10,255. Filed October 11, 1918. Rehearing denied December 13, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Findings.—Notice of Injury.—*In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, by a coal miner who lost the sight of an eye through injury, but gave no notice to the employer, as required by §22 of the act, a finding by the Industrial Board that defendant's foreman under whom applicant worked had actual knowledge of the accident a few minutes after it occurred, that applicant visited defendant's physician and surgeon, who informed him, after examining the injured eye, that the injury was trivial and required no treatment, and that, relying upon such advice, applicant did not give written notice to defendant, sustained an award of compensation on the ground that the employer's agents and representatives had actual knowledge of

the injury at the time it occurred and that a reasonable excuse for failure to give notice existed. p. 676.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings by Industrial Board.—Conclusiveness.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, the Industrial Board having found facts showing actual knowledge of the injury involved by the employer's agents and representatives, and also reasonable excuse for failure to give statutory notice, such findings are conclusive on appeal, if there is any evidence to sustain either. p. 676.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Fact.—Sufficiency of Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, evidence *held* sufficient to sustain findings by the Industrial Board that the employer's agents had knowledge of the injury, and that a reasonable excuse for failure to give statutory notice was shown. p. 676.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Notice of Injury.—Knowledge of Foreman.*—Where the employer's foreman or pit boss had knowledge of the injury suffered by claimant for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, at the time disability resulted therefrom, the employer had sufficient notice of the injury under the act. p. 678.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Fred Holtz against the Vandalia Coal Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Davis, Moore, Cooper, Royse & Bogart* and *F. J. Crawford,* for appellant.

*A. G. Cavins* and *D. W. McIntosh,* for appellee.

FELT, P. J.—This is an appeal from an award of the full Industrial Board, allowing appellee, Fred Holtz, compensation for 100 weeks at the rate of $13.20 per week beginning June 26, 1917.

Appellant has assigned as error that said award

"is contrary to law because it is not supported by the evidence."

Appellant contends that appellee did not give notice of his injury as required by the Indiana compensation law, and that sufficient reason for such failure is not shown by the evidence to sustain the award; that the rights of appellant were prejudiced by such failure of appellee to give due notice of his injury.

Appellee was denied an award at the first hearing of his application, but, on review by the full board, a finding and award were made as follows:

"The evidence introduced upon the original hearing of this cause having been transcribed and having been reviewed by the full board in connection with the consideration of the evidence introduced upon the hearing upon review, the full board being duly advised in the premises finds that during the month of May, 1916, and for more than a year prior thereto and continuously thereafter until the 26th day of June, 1917, plaintiff was in the service of defendant as an employe as an electrical machine operator in the defendant's coal mine No. 9 in Greene County, State of Indiana, at an average weekly wage in excess of $24.00; that during all of said time the plaintiff worked under the defendant's pit boss as general foreman who had control of and directed the plaintiff as to what work he should perform, and during all of said time the plaintiff also was under the control and charge of the defendant's chief electrician as machine foreman, who directed and controlled the plaintiff in the manner of operating his electrical machine.

"That in the month of May, 1916, on a date in said

month not shown by the evidence, the plaintiff was
engaged in the discharge of his duties in operating
the electrical machine and while operating said ma-
chine in the regular and usual course of his work and
in the discharge of the duties of his employment,
plaintiff was accidentally struck in the right eye by
a flying particle, as a result of which from and after
the 26th day of June, 1917, the vision of plaintiff's
right eye has been permanently and irrecoverably
reduced below one-tenth of normal with glasses; that
the defendant's chief electrician or machine foreman,
under whom the plaintiff worked had actual knowl-
edge of the plaintiff's injury on the day that it
occurred and within a few minutes thereafter; that
continuously from the first day of September, 1915,
and until the date of the original hearing of this cause,
Dr. A. A. Thomas, of Linton, Indiana, was in the
employment of the defendant as its physician and
surgeon for the treatment of the injuries of all em-
ployes of the defendant injured at said mine No. 9;
that soon after the 1st day of September, 1915, and
prior to the plaintiff's injury, the defendant notified
the plaintiff, by inserting in his pay envelope a writ-
ten notice, that in case of a slight injury he was to
report to Dr. A. A. Thomas, the Company surgeon
of Linton, Indiana, for treatment and in case he
should receive an injury that rendered him unable
to report in person, he should call Dr. Thomas at
once.

"That pursuant to said notice the plaintiff visited
Dr. Thomas in his office in the city of Linton, Indiana,
on the day of his injury, at which time the said Dr.
Thomas examined the plaintiff's eye and advised him

that the injury was trivial, that it required no treatment and that in a short time he would be recovered from the injury; that relying upon said advice by said physician the plaintiff did not notify the defendant in writing at any time of his injury and did not give any verbal notice to the pit boss; that the plaintiff continued his work for the defendant until the 26th day of June, 1917; that during the whole of said time the plaintiff suffered from his eye but relied upon the advice of the defendant's surgeon that in time he would have a recovery from his injury; that on the 26th day of June, 1917, plaintiff discontinued his work, caused his eye to be examined by an occulist and was advised that he had permanently and irrecoverably lost the entire vision of said eye; that the plaintiff acted in good faith upon the advice of the defendant's surgeon and because of said advice the plaintiff's failure to give written notice to the defendant of his injury is founded upon a reason equally as good as if he had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person; that in view of the fact that the plaintiff acted upon the advice of the defendant's agent and physician in the matter of his injury, the rights of the defendant have not in any wise been prejudiced by the failure of the plaintiff to give to the defendant written notice of his injury; that the accident resulting in the loss of the vision of the plaintiff's right eye arose out of and in the course of the plaintiff's employment with the defendant; that by and through its chief electrician and its physician the defendant had actual knowledge of the plaintiff's injury upon the date that it occurred.

"Award.

"It is therefore considered and ordered by the full Industrial Board that the plaintiff be and is hereby awarded against the defendant one hundred weeks' compensation at the rate of $13.20 per week, beginning on the 26th day of June, 1917.''

Section 22 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) provides that: "Every injured employe or his representative shall immediately upon the occurrance of an injury or as soon thereafter as practicable give or cause to be given to the employer written notice of the injury and the employe shall not be entitled to physician's fees nor to any compensation which may have accrued, under the terms of this act, prior to the giving of such notice: unless it can be shown that the employer, his agent or representative had knowledge of the injury or death, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person, or for equally good reason: but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the injury or death, unless reasonable excuse is made to the satisfaction of the Industrial Board for not giving such notice."

Section 23 of the act, *supra,* states what the written notice shall contain, and then provides that: "No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to the extent of such prejudice."

The findings sustain the award on two grounds,

viz.: (1) That appellant's agents and representatives had actual knowledge of the injury at the time it occurred; and (2) that a reasonable excuse is shown for the failure of appellee to give the notice required by the statute.

There is no claim that any written notice was given by appellee to appellant, and the provisions of §23 of the act, *supra,* have no application.

The board having found the facts showing actual knowledge of the injury, by appellant's agent and representatives, at the time it occurred, and also reasonable excuse for the failure to give the statutory notice, such findings are conclusive and binding on this court, if there is any evidence tending to sustain either of such findings.

There is evidence tending to prove that appellee was injured in the month of May, 1916, substantially as found by the Industrial Board; that his eye pained him, and thereafter he noticed something like gnats or black specks in front of him, but he continued to work until June 26, 1917; that he consulted Dr. A. A. Thomas, the company's physician, on the evening of the day he was injured; that the doctor examined his eye, informed him the injury would not amount to anything, and did not treat it; that on the day of the injury appellee placed a bandage over his injured eye, and on that day the company's head electrician, who directed appellee in the operation of the machine used by him in the mine, noticed his eye was bandaged and asked what was the matter, and appellee showed him his injured eye, and he remarked it was a pretty bad looking eye; that he did not report his injury to the general foreman or pit boss, or to anyone else, except as above

stated; that subsequently his eye bothered him, but he continued to work, and suffered more or less from the injury from the time it occurred until June, 1917, when the eye became worse, and he then consulted Drs. Johnson and Knapp, who subsequently treated his eye; that after appellee consulted Dr. Knapp he reported to the mine boss, the foreman of the mine where he worked, that he was unable to work, and showed him his eye; that he looked at it, and said, "I guess not," and informed him his job was ready for him when he got able to work.

Appellant offered in evidence a notice, which it claimed appellee and other employes received, stating that its employes were requestd to report at once to the pit boss or section foreman any injury, however slight, and were also requested to report in person to Dr. A. A. Thomas, company surgeon, for treatment, or have him called when necessary.

The evidence justifies the findings of the board. It tends to prove that agents and representatives of appellant had knowledge of the injury, both at the time of the accident in the mine, and at the time the injury was ascertained to be of such a serious nature as to incapacitate appellee from working in the mine.

It tends also to show that he consulted the appellant's physician promptly, followed his suggestion, and relied upon his statement until the condition of his eye became serious, when he consulted other physicians.

The Industrial Board found that the facts afforded a reasonable excuse for not giving the notice prescribed by the statute. The thirty days therein prescribed expired while appellee was relying upon the opinion of appellant's physician that his injury was

slight and would have no permanent effect upon his eye. He seems to have acted in good faith, and the facts of the case not only sustain the finding of the Industrial Board, but clearly illustrate the fairness and wisdom of the provision of the act which submits to the board the question of reasonable excuse for its determination.

The finding is not an arbitrary statement, but is sustained by sufficient evidence.

As sustaining the decision of the Industrial Board, see the following cases: *Johansen* v. *Union Stock Yards Co.* (1916), 99 Neb. 328, 156 N. W. 511, L. R. A. 1916A 83, 89, 244; *Donahue* v. *Sherman's Sons Co.* (1916), 39 R. I. 373, 98 Atl. 109, L. R. A. 1917A 76; *Tibbs* v. *Watts et al. Co.* (1909), 2 B. W. C. C. 164; *Fry* v. *Cheltenham Corp.* (1912), 81 L. J. K. B. N. S. 41; *Hoare* v. *Arding and Hobbs* (1911), 5 B. W. C. C. 36; *Schmidt* v. *O. K. Baking Co.* (1916), 90 Conn. 217, 96 Atl. 963; *Knoll* v. *City of Salina* (1916), 98 Kan. 428, 157 Pac. 1167; *Carroll's Case* (1916), 225 Mass. 203, 114 N. E. 285.

Furthermore, as already stated, appellant's pit boss, or general foreman, had actual knowledge of the injury suffered by appellee at the time 4. disability therefrom was definitely ascertained to have resulted from such injury, and this has been held sufficient under our statute. *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; *Hornbrook-Price Co.* v. *Stewart* (1918), 66 Ind. App. 400, 118 N. E. 315.

The award is affirmed, with five per cent. penalty added thereto, as provided by the act of 1917, Acts 1917 p. 154, §8020q2 *et seq.* Burns' Supp. 1918.

NOTE.—Reported in 120 N. E. 386. Workmen's compensation: notice of injury and claim, L. R. A. 1916A 83, 244, 1917D 135, 1918E 556.