# Hay v. Swiss Oil Company.

(Decided April 28, 1933.)

HANNAH, VAN SANT & McKENZIE for appellant.

ARTHUR T. BRYSON and W. A. MINIHAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—.
Reversing.

W. H. Hay brought this proceeding before the·
Workmen's Compensation Board against the Swiss Oil
Company to recover compensation for an injury re--
ceived in its service. The chairman of the board, to·
whom the case was referred, after hearing the evidence,
entered a judgment in favor of Hay for $325 but upon
review by the whole board judgment was entered for·
the defendant on the ground that notice was not given
in time, and on appeal to the circuit court this was ap--
proved. Hay appeals.

The facts, as shown by him, are these: He had been working for the company about ten years. His work was to operate the engine of a drilling machine. On April 13, 1921, the engine was out of repair and hard to start. He got upon the fly wheel and pulled and kicked on it to start it. The wheel was higher than his head; he had one foot up about as high as he could get it and had hold of the wheel, pulling hard on it to start it. This was the way he had of rocking the engine to start it. He felt a pain and turned sick and blind. He had to walk off and sit down; was sick at the stomach; felt a sharp burning pain and broke out in a sweat. After he rested a while, the sickness wore off and he went back to work. He had no more trouble until the next day when he went to start the engine again and the pain commenced. This continued, when he started the engine, from day to day for about a month, when a knot appeared on his side. He then went to see his foreman about it. This was May 13th. The foreman passed it off lightly and he continued to work until August 24th, when the knot giving him trouble he went to see the mine doctor. The doctor made an examination of him and advised him to go right to the hospital to be operated on for hernia. He went to the hospital that day and was operated on the next day. He had been in good health up to the time of his injury and did not really know of the hernia until so advised by the doctor; he had done no heavy work before this or been injured in any way. The knot did not appear until about the 13th of May. He told the foreman he thought he had ruptured himself, but he did not know that anything was wrong with him until the knot came there. It was about a month after the injury before the knot appeared. After the operation he was laid up for some time and compensation was sought for this.

The two doctors who examined him and operated on him both testified that from his symptoms and condition at the time of the operation the hernia occurred about the time stated by him. There was no contrary evidence. The statute provides:

"No proceeding under this act for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the

happening thereof.'' Section 4914, Kentucky Statutes.

''Such notice and such claim shall be in writing, and the notice shall contain the name and address of the employee, and shall state in ordinary language the time, place of occurrence, nature and cause of the accident, with names of witnesses, the nature and extent of the injury sustained, and the work or employment in which the employee was at the time engaged, and shall be signed by him or a person on his behalf.'' Section 4915.

''If the employer be a corporation, then the notice or claim may be given to any agent of the corporation upon whom process may be served, or to any officer of the corporation * * * in charge of the business at the place where the injury occurred.'' Section 4916.

''Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause.'' Section 4917.

Formal claim was made on the company on August 25th, but no formal notice was given until then, although the foreman was told about the matter about May 13. The company insists: (1) That the notice was not given in time; (2) that the defendant is not liable for the hernia under the following provision of the statute:

''In all claims for hernia resulting from injury received in the course of and resulting from the employee's employment it must be definitely proved to the satisfaction of the board: One. That there was an injury resulting in hernia. Two. That the hernia appeared suddenly and immediately following the injury. Three. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.'' Section 4884.

As to notice: In Bates & Rogers Const. Co. v. Allen, 183 Ky. 828, 210 S. W. 467, 473, this court thus construed the statute:

''Where a notice is not given 'as soon as practicable,' but the failure to give it 'as soon as practic-

able' is caused by 'mistake or other reasonable cause,' this excuses the failure to give the notice 'as soon as practicable,' and therefore, in considering the question whether a notice was given 'as soon as practicable,' and an excuse is offered for this failure, it becomes important to inquire into the sufficiency of the excuse, so that it may be determined whether or not the failure to give the notice 'as soon as practicable' was occasioned by 'mistake or other reasonable cause,' and also whether the employer was prejudiced by the delay. Where the employer is not prejudiced by the failure to give the notice at as early a date as it might have been or should have been given, and where the failure to give it sooner was occasioned by an honest mistake on the part of the employee, we do not think a fair consideration of the statute warrants the rejection of the employee's claim for compensation solely on account of the delay in giving notice.''

To same effect see Kenmont Coal Co. v. Martin, 227 Ky. 217, 12 S. W. (2d) 314.

In Wilburn v. Auto Exchange, 198 Ky. 31, 247 S. W. 1109, the court held this:

''The authorities generally are in accord upon this subject, holding that any fact or circumstance which brings to the attention of the employer or his principal representative knowledge that the employee has received an injury will be sufficient. In other words, the requirements of sections 4914 and 4915, Kentucky Statutes, with respect to the written notice to be given to the employer is directory merely.''

To same effect see Clover Fork Coal v. Washington, 247 Ky. 848, 57 S. W. (2d) 994.

In Hornbrook-Price Co. v. Stewart, 66 Ind. App. 400, 118 N. E. 315, 316, it appeared that an employee suffered a rupture in June, but it was of such a character that it did not immediately disable him, and, with the aid of a truss, he continued to work for the same employer until January, when, due to the aggravated condition of the rupture, he was forced to quit work. The court said:

''In January, 1917, because of the aggravated condition of his rupture, he became totally disabled

and was obliged to quit the work. Under these circumstances it must be held that the real injury did not develop until January, 1917.''

In Brown's Case, 228 Mass. 31, 116 N. E. 897, where the rupture did not manifest itself at the time of the strain but developed two or three weeks later, the court held the notice given then in time.

The English statute is similar to ours and the same rule is applied by the English courts. See notes 14 British Ruling Cases, pp. 506-510; also Duffy's Case, 226 Mass. 131, 115 N. E. 248; Johansen v. Union, etc., Co., 99 Neb. 328, 156 N. W. 511; Vandalia Coal Co. v. Holtz, 68 Ind. App. 670, 120 N. E. 386; Schneider on Workmen's Compensation, sec. 541; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615.

It is the well-settled rule that the statute must be liberally construed to effectuate its purposes. It does not appear that appellee was in any wise prejudiced by the delay in giving notice. Working men are not expected to know the meaning of the symptoms they may have. They should not trouble their employer with complaints without reasonable grounds for doing so. Appellant in good faith continued at work and gave notice to the foreman when the knot appeared, and, when he treated it lightly, went on with his work until the knot troubled him, then went to the mine doctor and for the first time knew of the hernia from him. There was no such delay here in giving notice as affected appellant's rights under the statute. The delay was occasioned by a reasonable cause. The employer's principal representative had knowledge that the employee had received the injury when the knot appeared and he was so notified.

■ Did the hernia appear suddenly and immediately following the injury?

In Maryland Casualty Co. v. Robinson, 149 Va. 307, 141 S. E. 225, 227, on like facts the court said:

"The commission is fully supported in its holding in this case by the medical opinion to the effect that the connection between the injury which was the cause and the hernia which was the consequence was sudden, and that the hernia which later became so apparent was the result of the accidental injury without any supervening cause. It would be too

narrow a construction of the statute to hold in such a case that compensation should be disallowed merely because the claimant was ignorant either of the precise nature or extent of his injury until after the protrusion developed and he had taken expert advice.''

To the same effect see Hornbrook-Price Co. v. Stewart, 66 Ind. App. 400, 118 N. E. 315; Black Mountain Corporation v. Murphy, 218 Ky. 40, 290 S. W. 1036.

The board properly held that it is the rupture which must exist immediately upon the injury and that the statute does not mean that the knot or protrusion in cases of hernia must appear immediately.

Judgment reversed, and cause remanded to the circuit court with directions to remand it to the Workmen's Compensation Board for further proceedings not inconsistent herewith.