## Black Mountain Corporation v. Dean et al.

(Decided Oct. 25, 1938.)

B. M. LEE for appellant.

JOHN L. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

While at work as a coal loader in the mine of the Black Mountain Corporation on September 9, 1935, Will Dean claims to have sustained an accidental injury which resulted in hernia. He continued working in the mine until October 17, 1935, when the company's physicians informed him that an operation was necessary. He was operated upon December 9, 1935, by one of the company physicians, and was discharged from the hospital December 25, 1935. The company physicians were of the opinion at that time that the operation was successful, and that he had been cured. On March 9, 1936, Dean filed a claim for compensation with the Workmen's Compensation Board, alleging that he was totally disabled as a result of the injury. After proof was heard, a referee of the board made an award allowing Dean compensation at the rate of $6 per week for a period of 335 weeks, representing a permanent partial disability of 50 per cent. The company's motion for a full board review was sustained, and the board found that Dean sustained an accidental injury on September 9, 1935, which arose out of and in the course of his employment, and resulted in umbilical hernia causing a permanent partial disability to the extent of 33 1/3 per cent. to the body as a whole. Dean was awarded compensation at the rate of $12.68 per week for a period of 12 weeks for temporary total disability following the operation, and at the rate of $4 per week for permanent partial disability for a period of 335 weeks, less 12 weeks for which he was awarded compensation for temporary total disability, and less 11 4/7 weeks, the period from the date of the accident to the date of the operation. The board found that Dean worked until October 17, 1935, and that the operation was delayed by the condition of his health which was not caused by the injury. A petition for review was filed in the Harlan Circuit Court, and the award of the Workmen's Compensation Board was affirmed. The Black Mountain Corporation has appealed.

It is appellant's contention that there was no evi-

dence to support the finding of the Compensation Board that Dean suffered a compensable hernia. Section 4884, Kentucky Statutes, prescribes the conditions under which hernia is compensable. The pertinent parts of the statute read:

"In all claims for hernia resulting from injury received in the course of and resulting from the employee's employment it must be definitely proved to the satisfaction of the board: One. That there was an injury resulting in hernia. Two. That the hernia appeared suddenly and immediately following the injury. Three. That the hernia did not exist in any degree prior to the injury for which compensation is claimed."

It is admitted that Dean did have an umbilical hernia and was operated on for it in appellant's hospital. One of the physicians who assisted in performing the operation and examined Dean several months later admitted that the operation was not completely successful. Two physicians introduced by appellee testified that there had been a recurrence of the hernia at or near the place where it existed at the time of the operation, and that he was disabled by reason of it to the extent of 40 or 50 per cent. of the body as a whole. Two company physicians who were present when the operation was performed stated that in their opinion the hernia was congenital, and did not result from the accident of September 9, 1935. Their opinion was based on the presence of adhesions which had the appearance of long duration. Two physicians introduced by appellee testified that the length of duration of a hernia could not be determined by the appearance of adhesions, and expressed the opinion that the hernia resulted from a traumatic injury. Dean testified that on September 9, 1935, while attempting to lift a mine car onto the tracks, he felt a sharp stinging pain like someone had stuck a knife in his abdomen. Later in the day he noticed a knot in his abdomen. He continued to work until October 17, but was unable to lift heavy objects, and suffered with pain in his side and abdomen. Before the accident he had been a strong, healthy man able to perform hard manual labor, and had passed numerous physical examinations when applying for work at various mines, including the one operated by appellant.

Cliff Smith was working with the appellee when the

accident happened, and he testified that appellee complained of the injury at the time and seemed to suffer continuously thereafter, and was unable to do hard work. Before the accident he had been a strong, able-bodied man. A number of other witnesses testified as to his appearance and physical condition before and after the accident.

There was evidence tending to show that appellee was injured in an accident on September 9, 1935, resulting in hernia; that the hernia appeared suddenly and immediately following the injury, within the meaning of the statute; and that it did not exist in any degree prior to the injury. There was at least some evidence of probative value authorizing the award of the Board. The evidence, tending to show compensable hernia, is far stronger than the evidence in the case of Hay v. Swiss Oil Company, 249 Ky. 165, 60 S. W. (2d) 385, in which it was held that the evidence was sufficient to show that the hernia appeared suddenly and immediately following the injury. See, also, Stearns Coal & Lumber Company v. Duncan, 258 Ky. 346, 80 S. W. (2d) 4; Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S. W. (2d) 533. Where there is any competent proof of probative value upon which an award may be based, the findings of the board thereunder are conclusive. Black Mountain Corporation v. Strunk, 263 Ky. 234, 92 S. W. (2d) 66; Black Star Coal Company v. Hall, 257 Ky. 481, 78 S. W. (2d) 343.

The judgment is affirmed.