## Atlas Coal Co. v. Nick.

Feb. 13, 1942.

Robert J. Watson for appellant.
James W. Smith for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Atlas Coal Company, appeals from a judgment affirming an award of the Workmen's Compensation Board, by which appellee, Charles D. Nick, was awarded fifty per cent permanent partial disability as a result of a compression fracture of the fourth lumbar vertebra which the Board found appellee to have sustained as a result of an accident in appellant's mine.

Grounds urged for reversal of the judgment are 1) that there was no substantial evidence to sustain the finding of the board and 2) that notice of the claimed accident and injury was not given to appellant as required by Section 4914, Kentucky Statutes. These will be considered in order.

Appellee testified that on November 24, 1939, while attempting to handle a lump of slate something slipped in his back; he became ill and was sent out of the mine. Medical attention was given him by the company. He says he told Dr. Cowan, the company doctor, his back was hurt and his hemorrhoids were coming down. Dr. Cowan and Dr. Schultz, another company doctor, testified that the only information they had from appellee was that he was suffering from a pain in the rectum. He was operated on for hemorrhoids and discharged from the hospital. Upon being certified as being able to return to work he returned to his job on two occasions in January, 1940, but testified that he was unable to perform his duties as a result of injury to his back. He testified that he had worked continuously until the date of his claimed injury and had not been bothered with this back condition prior thereto. Three physicians, testifying for appellee, stated, after an X-ray examination, that he was suffering from a compression fracture of the fourth lumbar vertebra and that as a result thereof he was permanently and totally disabled. Other physicians, who also made an X-ray examination, testified for appellant that appellee had an arthritic condition of his back but that there was no compression fracture.

Strong evidence was introduced by appellant to establish that at the time appellee claimed to have hurt himself he merely got sick on powder smoke. Appellant's evident also strongly indicated that appellee never at any time complained of injury to his back. However, on a report dated December 22, made out by Dr. Schultz and forwarded to the company, following a question in that report, "State in patient's own words where and how accident occurred," there appears the following notation: "Pitching rock and strained self. Lost consciousness until next day." It may be added that no written notice was given the company and that claim for compensation was filed February 21, 1940, less than ninety days after the claimed injury.

From the foregoing statement we think it is appar-

ent that there was substantial evidence before the Board that appellee sustained an accidental injury and was disabled to the extent found by the Board. His own testimony that he had never been bothered with the trouble before and that the condition of his back was due to the injury he claimed to have sustained as a result of lifting the slate, supported by testimony of physicians that he had a compression fracture totally and permanently disabling him and that such a fracture could have resulted from lifting the slate in the manner described by appellee is, beyond a doubt, substantial evidence, which is all that is necessary to require us to sustain the Board's finding under our well known rule.

It is our conclusion also that the question of notice must be resolved in favor of appellee. Written notice is unnecessary. On the contrary, any fact or circumstance which brings to the attention of the employer knowledge that an employee has received an injury is sufficient notice. Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007; Black Mountain Corp. v. Murphy, 218 Ky. 40, 290 S. W. 1036. In the instant case the physician's report forwarded to appellant contained the notice "Pitching rock and strained self. Lost consciousness until next day." By this report appellant had knowledge that appellee had received an injury.

It is appellant's theory, however, that it had no notice that appellee had sustained the injury to his back for which compensation was awarded. However, appellant did have knowledge from the report that appellee had strained himself by attempting to lift the slate and notice of such an injury carried with it all of those things which might reasonably be anticipated to result from it. Bates & Rogers Construction Co. v. Emmons, 205 Ky. 21, 265 S. W. 447. Unquestionably an injury to appellee's back might reasonably have been anticipated to result from a strain received in the manner appellee said it was received. Appellant had knowledge of the claimed accident sufficient, under the authorities cited, to constitute notice.

Again, since appellant and its physicians now contend, after careful examination of appellee, that appellee's disability by reason of the condition of his back, if he is disabled, is due to an arthritic condition and not to trauma, it is difficult to see how appellant was in any wise prejudiced by failure to have more specific knowl-

edge of the extent of the claimed injury. The Board has found that appellee is suffering from a compression fracture of a vertebra and we must accept this as a fact. Appellant, after a careful examination of appellee has been unable to discover this—it would likewise have failed to discover it had it possessed immediate knowledge of the claimed condition and would therefore have been in no position to better its position by medical attention furnished appellee.

We conclude that the evidence was sufficient to establish that appellant had notice of a traumatic injury and that the notice was of such a character as to carry with it knowledge that appellee's back injury might reasonably have been anticipated to result from it; that, in any event, appellant was not misled to its injury.

Judgment affirmed.