## WHITTLE v. GENERAL MILLS, Inc.

Court of Appeals of Kentucky.
Oct. 24, 1952.

Mahan, Davis & Mahan, Louisville, for appellant.

Doolan, Helm, Stites & Wood, Louisville, for appellee.

DUNCAN, Justice.

This action originated before the Workmen's Compensation Board where appellant sought an award on account of injuries alleged to have resulted from an accident arising out of and in the course of his employment with appellee.

Two defenses were interposed: (1) that appellant's injuries, if any, did not result from accident arising out of and in the course of employment, (2) that appellant failed to give timely notice of the accident as required by the provisions of KRS 342.-185.

The full Board sustained the second defense and dismissed the application. This order was affirmed upon appeal to the circuit court.

Inasmuch as the only question determined by the Board related to the sufficiency of

the notice, it is our view that this is the only question presented on the appeal. We shall relate only such facts as are necessary for a determination of the single question.

Appellant claims to have sustained an injury in early February, 1949, while employed by appellee. He states that while lifting a hundred pound sack of flour and twisting with it to his left to put it on the scales, he felt a burning sensation in his back. He made no report of the accident at the time of its alleged occurrence. He continued doing the same type of work for about three weeks thereafter without complaint to his employer.

Appellant then remained at home for a period of five days, claiming that his absence was due to sickness. During this five-day period appellant was examined on February 26, 1949, by Dr. Goldstein and was advised that he was suffering from a herniated disc.

Upon his return to work appellant continued his silence concerning his alleged accident and did not advise his employer of Dr. Goldstein's diagnosis. Some two months later he complained of pains in his back and was assigned to lighter duties.

On May 27, 1949, appellant of his own volition went to see Dr. C. H. Likens as a private patient and not upon reference from his employer. He was again advised that he was suffering from a herniated disc and within a few days thereafter appellant voluntarily quit work. In his interview, appellant advised appellee's personnel manager that he had not suffered any injury on the job.

A few days after his first interview with appellant Dr. Likens revised his original diagnosis and informed appellant his injury was congenital. A few days later appellant saw Dr. Franklin Jelsma and was again advised that he was suffering from a herniated disc. He submitted to an operation and the disc was removed on June 28, 1949.

Five weeks after his resignation from appellee's employ and some five months after his alleged accident, appellant for the first time notified appellee of his claimed injury.

KRS 342.185 provides in part as follows:

"No proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof * * *."

In Kaufman-Straus Co. v. Bennett, 275 Ky. 264, 121 S.W.2d 1, the employee claimed to have been injured in a fall from a ladder. He continued work for some three months after the accident, being treated in the meantime by a chiropractor and a doctor. Each of them gave a different diagnosis of his trouble. Eleven days before leaving his employment he visited a Dr. Goldbery who diagnosed his injury as a fractured or dislocated vertebra. Some six weeks after leaving his employment and about four and a half months after the injury, he asserted a claim for compensation. This court denied the claim on the grounds of failure to give the statutory notice.

In Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 134 S.W.2d 221, 223, Buckles claimed that he had been injured on November 4, 1937, while lifting a crate of vegetables. He told two of his fellow employees about the injury and they helped him fill out a compensation claim. Buckles, however, did not file the claim with his employer until January 3 or 4. In the meantime, on November 10, 1937, he had seen a doctor and had been advised that he had a hernia but was in no immediate danger.

The compensation board denied Buckles' claim on account of his failure to give notice as soon as practicable. This view was affirmed by the lower court and the Court of Appeals. In the course of the opinion it was said:

"it is our view that that part of the statute requiring notice of an injury to be given as soon as practicable is as mandatory in its nature as it is in requiring notice at all, and if there is delay in giving notice, the burden is upon the injured person to show that it was not practicable to give notice sooner. While the rule of liberal construc-

tion will be applied to the workmen's compensation statutes, yet, liberal construction does not mean total disregard for the statute, or repeal of it under the guise of construction."

To the same effect is the case of T. W. Samuels Co. v. Houck, 296 Ky. 323, 176 S. W.2d 890.

Appellant asserts that he was a man of modest education and that he did not know the fine technicalities of making a claim or giving notice under the Workmen's Compensation Act. In his brief he seeks to conform the facts in this case to the situation which was present in the decisions of this court in Hay v. Swiss Oil Co., 249 Ky. 165, 60 S.W.2d 385; American Rolling Mill Co. v. Stevens, 290 Ky. 16, 160 S.W.2d 355, 145 A.L.R. 1256; Atlas Coal Co. v. Nick, 289 Ky. 501, 159 S.W.2d 48; Turner, Day & Woolworth Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921; and Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467.

Each of the cases cited by appellant except the Bates case involved a mistake in diagnosis after the accident and within the period during which reasonable notice should have been given. In the Bates case the claimant wrote his employer two letters advising him of the injury. The letters miscarried because of a mistake in the address. A third letter within about four months after the injury was delivered. The court held that claimant's failure to give notice was due to an excusable mistake.

The facts in the present case are clearly distinguishable from the cases cited. Here, appellant's injury was correctly diagnosed on February 26 by Dr. Goldstein which was within two or three weeks after the alleged injury. It was again correctly diagnosed by Dr. Likens on May 27. On neither of these occasions did appellant ever intimate to his employer that he had suffered an injury. The contradictory diagnosis upon which appellant relies was not given until June 9, 1949, three days after appellant had left his employment.

The subsequent incorrect diagnosis could not excuse appellant's earlier failure to give notice to his employer based upon the information he had received through a correct diagnosis on the two previous occasions. We are of the opinion that appellant failed to notify his employer as soon as practicable after the accident.

Appellant seeks to bring himself within the protection of KRS 342.200 which provides:

"The notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause."

It is to be noted that this case does not present a question which deals with technical inaccuracies in complying with the notice requirements as contemplated by the first sentence of the statute. We have here a complete absence of notice for five months.

The purpose of the notice requirement of the statute is obvious. The employer is entitled to an early opportunity to ascertain by examination the nature and extent of any claimed injury. It is entitled to an opportunity to ascertain whether or not any given injury arises from an accident suffered in the course of the employment and if such an injury is found, to minimize the disabling effects by early treatment.

We are not prepared to say that a herniated disc is such an injury that no prejudice would result to the employer from delay in giving notice.

For the reasons indicated, the judgment is affirmed.