**CARR et al. v. WHEELER.**

Court of Appeals of Kentucky.

Dec. 4, 1953.

As Modified on Denial of Rehearing
March 26, 1954.

Orie S. Ware, and James C. Ware, Covington, for appellants.

William J. Deupree, Jr., Covington, for appellee.

STANLEY, Commissioner.

This is a workmen's compensation case in which the award was confirmed by the circuit court. The only issue is as to notice of injury.

The appellee, Virginia S. Wheeler, had worked for several years as a cook in the restaurant of the appellants, partners, d.b.a. Carr Brothers Restaurant. She was, according to her doctor, successfully operated on in May, 1950, for a hernia, and went back to work in August. On or about October 20, while lifting a heavy pot of potatoes from a stove, she suffered a "strain" in her side, and "a place as large as my fist" appeared. She became sick but after resting resumed her work with the help of the dishwashers. That afternoon she was taken to her doctor who advised her she had a "new hernia" and would have to be operated on again. She continued on the job, however, until about July 20, 1951. A dishwasher named Beall testified that Mr. Robert Carr, one of the employers, asked him three or four days after the incident "what was wrong with Virginia," and he answered that she had "lifted something pretty heavy and strained herself." Mr. Carr testified that he remembered he had asked Beall one time "what was the matter with Virginia," but he did not remember his answer; however, she had told him "she was going to have to be operated on again." But it was not until October, 1951, that she told him she was injured as a result of her work.

The question is whether or not the Board had sufficient evidence to find this was sufficient notice in point of time and character. The formal claim for compensation was not filed until after the claimant had quit work for these employers, but notice of the accident is separate and distinct from filing a claim for compensation. Wilburn v. Auto Exch., 198 Ky. 29, 247 S.W.2d 1109.

The statute provides as a condition that written notice of the accident with particulars thereof shall have been given the employer "as soon as practicable after the happening thereof" by the claimant "or by some one in his behalf." KRS 342.-185, 342.190. But it is further provided that want of notice or delay in giving no-

tice is no bar if it is shown that the employer or his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause; also that the notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled thereby. KRS 342.200. The provision that the notice be in writing is only directory. Any verbal information communicated to the employer is sufficient where it brings knowledge to him that the employee has received an injury arising out of and in the course of his employment, together with its general nature and date of its happening. Ames Body Corporation v. Vollman, 199 Ky. 358, 251 S.W. 170; Atlas Coal Co. v. Nick, 289 Ky. 501, 159 S.W.2d 48. Of special factual application are Hay v. Swiss Oil Co., 249 Ky. 165, 60 S.W.2d 385, and Mengel Co. v. Axley, 311 Ky. 631, 224 S.W.2d 921.

▮ Under the circumstances of this case—the employers' knowledge of a previous hernia, loss of time, and the fact the employer had learned something was "wrong" with the cook and upon inquiry was told she had "strained herself"—it would be an injustice to excuse liability because details were not then given. The employer in charge of the business was right there. He received actual notice of the incident a few days afterward. Apparently he asked no further questions and showed no other concern. He could have learned all the details and have promptly taken whatever steps he deemed advisable to protect the interest of himself and his partner. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467; Atlas Coal Co. v. Nick, 289 Ky. 501, 159 S.W. 2d 48. They may not be heard to say that they did not have ample notice of the accident. There is no doubt the woman suffered compensable injury at the time and has a meritorious claim. Most assuredly there was no prejudice to the legal rights of the employers by reason of the delay of three or four days in receiving notice. Turner, Day & Woolworth

Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921; American Rolling Mill Co. v. Stevens, 290 Ky. 16, 160 S.W.2d 355, 145 A.L.R. 1256.

The judgment is affirmed with supersedeas damages.