Curtis MULLINS, Appellant,

v.

KENTUCKY–WEST VIRGINIA GAS COM-
PANY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 16, 1956.

Rehearing Denied April 26, 1957.

V. R. Bentley, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellees.

CAMMACK, Judge.

This appeal is from a judgment wherein the Pike Circuit Court affirmed an order of the Workmen's Compensation Board dismissing Curtis Mullins' claim for compensation for disability resulting from a hernia. Reversal is urged upon the ground that there was no evidence showing that the 1954 hernia, for which he made claim, was the outgrowth of a previous injury.

Mullins was employed by the Kentucky-West Virginia Gas Company. On March 18, 1954, while rolling a large stone, he said he felt a sharp pain in his left side. Five minutes later, upon noticing a lump on the lower left side of his abdomen, he quit work and went home. The next

morning he was examined by Dr. Flanary, the Company physician, who diagnosed hernia and recommended an operation. Mullins stated that about 18 or 20 years before the 1954 accident, he had received a blow on the upper part of his abdomen, and that an epigastric hernia had developed there later. He never had an operation to correct the old defect. He said that it had given him no trouble, except to curtail his handling of heavy loads.

In September, 1954, two well-qualified physicians at the Clinch Valley Clinic Hospital, at Richlands, Virginia, examined Mullins. Both testified that, at that time, he had only a small epigastric hernia and a left femoral hernia the size of a guinea egg. They said there was absolutely no connection between the two.

The Company introduced the testimony of eight laymen, most of them fellow workers of Mullins. They testified that Mullins had complained to them about his side prior to his injury. They could only locate its position vaguely as: "down in the groin section"; "close to his private"; and "on his bowels." They said he was a hard worker and a good one. The Company introduced also the testimony of Dr. Doty, who had examined Mullins two years before the accident. He testified that one epigastric hernia high on the abdomen was present and also two inguinal hernias, one left and one right, at the base of the abdomen, about six inches apart; and both had descended into the scrotum. No evidence of the inguinal hernias was found by the doctors who examined Mullins after the accident.

■■■ In order to recover compensation, Mullins had to show that his femoral hernia "did not exist in any degree, including the primary or incomplete stage, prior to the injury for which compensation is claimed." KRS 342.025(1) (c). The Referee made the following specific finding of fact after hearing the evidence: "The hernia did exist in a certain degree

prior to the injury of March 18, 1954." The full Board affirmed the finding and order of dismissal. The Board is a fact-finding body; we have held consistently that its rulings will not be disturbed if there is any evidence of probative value in the record to support its findings of fact. Ploff v. Osborne, Ky., 269 S.W.2d 710; American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S.W.2d 187. The only question before us now is whether such evidence was presented. The evidence must be of substance and relevant consequence, and have the quality of proof or fitness to induce conviction of truth; vague or uncertain evidence is not of probative value. Louisville & N. R. Co. v. Lefevers' Adm'x, 288 Ky. 195, 155 S.W.2d 845. To make the finding that the hernia existed before the injury of 1954, the Referee must have found: (1) the hernia mentioned by the Company's witnesses was the same hernia involved in this action; (2)(a) such prior hernia was a femoral hernia on the left side; or (b) such prior hernia was an inguinal hernia, and that the femoral hernia was in some way related to the inguinal hernia. None of the lay witnesses could state on which side the hernia was located; according to them, it could have been positioned anywhere on the lower abdomen. Their testimony could only have shown past history of hernia somewhere. Mere predisposition to the development of hernia would not render the injury non-compensable where, but for the mishap, there would have been no protrusion and subsequent disability. Black Mountain Corporation v. Dean, 275 Ky. 121, 120 S.W. 2d 1030. The only testimony which localized a pre-existing hernia in the lower abdomen was that of Dr. Doty, and he found a left inguinal roughly three inches from the center of the abdomen. There was no testimony, medical or otherwise, showing even a remote connection between the alleged inguinal hernia and the femoral hernia complained of. While we are reluctant to reverse a ruling of the Workmen's Compensation Board, we are forced

to conclude that in this case the Board reached a conclusion unsupported by any probative evidence.

Reversed and remanded to the Pike Circuit Court, with directions to remand the case to the Board for further action consistent with this opinion.