Carl CABE, Commissioner of Labor, etc., Appellant,

v.

SPLASH DAM BY–PRODUCTS COAL COR-PORATION et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1967.

Paul D. Rehm, Versailles, Martin Glazer, Counsel, Dept. of Labor, Frankfort, for appellant.

William J. Baird, Baird & Hays, V. R. Bentley, Pikeville, Robert Matthews, Atty. Gen., J. Keller Whitaker, Director, Workmen's Compensation Board, Frankfort, for appellees.

STEINFELD, Judge.

Charles Lester who was an employee of Splash Dam By-Products Coal Corporation was injured on January 17, 1963, by an accident arising out of and in the course of his employment. He filed claim under the

Workmen's Compensation Act. KRS Chapter 342. During the proceedings before the Board, on motion of the employer, it ordered that the Special Fund be made a party. KRS 342.120(1). On May 2, 1966, the Board adjudged and ordered that Lester recover of his employer " * * * Thirty Eight ($38.00) Dollars per week for a period not to exceed four hundred twenty five (425) weeks commencing January 17, 1963 * * * ". It also awarded interest " * * * and medical, hospital and/or surgical expenditures not to exceed Twenty Five Hundred ($2,500.00) Dollars * * * ". It dismissed the Special Fund.

Contending that a part of the award should have been adjudged against the Special Fund under KRS 342.120(4) the employer appealed to the circuit court. KRS 342.285. That court found that " * * * there was * * * a pre-existing disease and/or condition capable of being aroused into disabling reality * * * " therefore, it ordered that the case be remanded to the Board with directions that it " * * * review the record in an effort to determine the percentage of disability which the defendant-employee, Charles Lester, had or suffered prior to the date of injury, being January 17, 1963, and that when the determination is made that the percentage of pre-existing disability be fixed as liability against the Special Fund and the balance thereof be fixed against the plaintiff-employer, or its insurance carrier." It entered judgment accordingly and remanded the case to the Workmen's Compensation Board of Kentucky.

Pursuant to KRS 342.290 the Special Fund has appealed. It claims that there was conflict in the medical evidence before the Board, therefore, its decision is conclusive upon the court. KRS 342.285(3). It cites several cases including Neagle v. State Highway Department, Ky., 371 S.W.2d 630, in which we said: "We have many appeals where the testimony of doctors produced by the employers and employees is diametrically opposed concerning the extent of the injury, but on appeal the only concern of the court is limited to whether there was competent evidence of probative value to support the factual findings of the board." It asserts that there was sufficient competent evidence of probative value to support the finding of the Board that the disability on which the award was based was not caused or brought about by a pre-existing disease, condition or disability. It contends that even though there was conflicting testimony of physicians, the testimony of two doctors and a report made by the physician appointed by the Board sustains the decision of the Board. We find that Dr. Tillou Henderson, who performed the first disc operation, stated that he removed "a degenerative bulging disc" which was a degenerative process that "had been developing over a period of time." Dr. Henderson testified that the "degenerative disc" which he found "was a latent pre-existing disc disease and that this accident was the thing that triggered it into a disabling reality."

The employer argues that Dr. E. G. Skaggs and Dr. F. M. Picklesimer did not testify as to whether the claimant had a pre-existing diseased disc condition and that the only doctor who furnished the Board any information on that subject was Dr. T. Rothrock Miller who was appointed by the Board. KRS 342.121. He made a report dated January 28, 1966, in which he said: "It would be my opinion that disability is probably total and permanent for an occupation such as he describes. Assuming the history I obtained from him is accurate regarding any previous difficulty and in the absence of any congenital or degenerative changes, I feel that all of present disability is on the basis of the accident which he describes." Later Dr. Miller testified, and after relating the history which he obtained and explaining the examination he made, confirmed the information which we have just quoted from the report. He admitted, however, that the surgeon who performed the operation was "in a better position to judge as to pre-existing condition and disability than a doctor * * * exam-

ing him (Charles Lester) two or three years after the accident."

The testimony of all of the physicians, with the exception of Dr. Henderson, is non-committal as to whether a disability or condition pre-existed the injury and was aroused by it. "Testimony of defense experts that is essentially non-committal will not justify the rejection of a claim supported by positive medical opinions." Horton v. United States Steel Corporation, Ky., 384 S.W.2d 73.

The evidence before the Board of probative value does not support its conclusion that the claimant had no existing disability or pre-existing disease condition which was aroused into disabling reality by the traumatic injury. Reversal by the circuit court was proper. Mullins v. Kentucky-West Virginia Gas Company, Ky., 300 S.W.2d 553. Apportionment is required. Young v. Eastern Coal Corporation, Ky., 408 S.W.2d 464.

The judgment is affirmed.

All concur.