TED GRIPON V. THE STATE.

No. 18477.   Delivered November 25, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; the punishment being assessed at a fine of $100.

The prosecution proceeded under Art. 1, Sec. 15, subdivision (r) of Chap. 467, General and Special Laws of the 44th Legislature, Second Called Session.   We quote the pertinent provisions of said subdivision as follows:

"It shall be unlawful for any person authorized to sell wine or beer for consumption on the premises where sold, to have in his possession on such premises any distilled spirits of any

character and/or liquor produced by the process of distillation or liquor containing alcohol in excess of fourteen per centum (14%) by volume."

The complaint and information averred that Geneva Gripon was a retail dealer in wines and beer on certain premises in Jefferson County, Texas; that she was authorized by legal permit to sell on said premises vinous and malt beverages containing in excess of one-half of one per centum of alcohol by volume and not more than fourten per centum of alcohol by volume from broken packages and unsealed containers for consumption on the premises where the said Geneva Gripon then and there was legally authorized to sell said vinous and malt beverages; that Ted Gripon (the appellant) was then and there the agent and employee of the said Geneva Gripon; and that then and there, acting as such agent and employee of the said Geneva Gripon on the said premises, the appellant unlawfully possessed and had in his possession whisky.

Appellant contends that the complaint and information are fatally defective in failing to aver that the county or precinct in which Geneva Gripon was licensed to engage in business as a retail dealer was a precinct or county in which the sale of beer and wine could be legally made by one licensed to make such sales. We deem the averment in the complaint and information to the effect that Geneva Gripon was a retail dealer in wines and beer and was authorized by legal permit to sell same sufficient. It follows that we are of opinion that the appellant's contention should not be sustained.

Witnesses for the State testified to the effect that while they were drinking beer in the place of business in question appellant served whisky to one of his customers. Officers later found a bottle of whisky in said place of business. Appellant denied that he had sold or possessed any whisky in said place of business.

The evidence is deemed sufficient to warrant the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—For the first time in his motion for

rehearing appellant contends that the law under which appellant was convicted is inoperative because of the contention that the particular offense is not mentioned in the caption to the law known as "The Texas Liquor Control Act," (Ch. 467, General and Special Laws, 44th Legislature).

Appellant contends that the only thing in the caption which could possibly relate to the offense charged against him is that referring to the definition of an "open saloon," and prohibiting its operation and providing a penalty. Immediately following the statement regarding "open saloons" we find it stated in the caption that the act proposes to regulate the traffic in alcoholic liquors in this state, and prescribes penalties for the violation of offenses defined in connection therewith.

We are not led to believe that the caption is violative of Sec. 35, Art. 3 of the Constitution of the State.

The motion for rehearing is overruled.

*Overruled.*