## ROWE et al.

v.

## SEMET–SOLVAY DIVISION ALLIED CHEMICAL & DYE CORP.

Court of Appeals of Kentucky.

Feb. 12, 1954.

Rehearing Denied June 18, 1954.

Kenneth A. Howe, Pikeville, for appellants.

Howard Van Antwerp, Jr., Ashland, for appellee.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded James Rowe compensation for fifty percent permanent partial disability resulting from a herniated intervertebral disc, claimed to have been sustained while Rowe was working in the coal mine of his employer, Semet-Solvay Division of Allied Chemical & Dye Corporation. The main issues before the board were whether the employe actually had sustained an accident in the course of his employment, and whether he had given notice of accident to his employer "as soon as practicable", as required by KRS 342.185. The board found for the employe on both issues. On appeal to the circuit court, the court found that the notice of accident was sufficient, but that there was insufficient proof to sustain the finding of the board that the employe had sustained an accident in the course of his employment. Accordingly, the court reversed the board with directions to dismiss the claim. The employe has appealed from the judgment directing dismissal of his claim, and the employer has cross appealed from that part of the judgment finding that adequate notice of the accident was given.

Mr. Rowe was 24 years of age at the time of the alleged accident, and had worked in the appellee's coal mine for about two years, as a coal loader. His testimony concerning the accident is as follows:

"Q. 7. When was the last day you worked? A. August 24th.

"Q. 8. Of what year? A. '51.

"Q. 9. And on that day did you receive an injury of some kind? A. Well, I was loading coal, loading in the evening, the last car I was loading and I felt something the matter with my back; it was paining and could hardly bear it, and I finished my shift out as that was the end of the shift, the last two cars I had loaded.

"Q. 10. Say you did finish the shift? A. That was on the last of the shift, and my back was still hurting bad.

"Q. 11. What were you doing? A. Loading coal.

"Q. 12. What did you do after you finished your shift? A. It was quitting time and I came out to the main station.

"Q. 13. Did you go home or to the doctor then, or what did you do? Tell the Board? A. I came home and called the doctor next day."

Mr. Rowe did not return to work after the day referred to in his testimony, and during the next few months he visited several doctors. At first his condition was diagnosed as sciatic neuritis, or arthritis, with one doctor expressing the opinion that he might possibly have a "ruptured disc". Some four months after the accident his condition was positively diagnosed as being a herniated disc. During the four-month period preceding the positive diagnosis, Mr. Rowe did not claim to have suffered an accident in the mine, and in applications for benefits under a health insurance policy he stated that his disability was due to sciatic neuritis or arthritis.

The medical testimony establishes that a herniated disc may result from strain or exertion, and this Court has held that a herniated disc received in the course of employment is a compensable "accident". U. S. Coal & Coke Co. v. Parsons, Ky., 245 S. W.2d 442. The appellee seeks to distinguish the Parsons case on the ground that in that case the employe said that a sudden pain "struck him" in the back when he was lifting a beam. The appellee also seeks to distinguish Harlan-Wallins Coal Corp. v. Lawson, Ky., 242 S.W.2d 999 (a hernia case) and Totz Coal Co. v. Creech, Ky., 245 S.W.2d 924, 925 (an abdominal injury case), on the ground that in each of those cases the employe spoke of a sudden, sharp pain or of feeling " 'something tear loose' " in his body.

We are of the opinion that Mr. Rowe is not to be held strictly accountable for the exact words he used in describing his injury. While he did not say in so many words that the pain was sudden, or struck him all at once, his words do convey the thought that he felt a severe pain, while loading the last car, which he had not felt before. On the preceding days he had performed a normal work load, and during the two years of his employment he had made no previous complaint to his employer of any back trouble. The work of loading coal was such as involved strain and exertion and could well cause a herniated disc.

The fact that Mr. Rowe, in his application for benefits under his health policy, made no claim of accident but claimed to be suffering from sciatic neuritis or arthritis, does not discredit his testimony because his doctors had not properly diagnosed his condition and he had no other means of knowing that what he had experienced on August 24, 1951, actually was an accident.

We think the evidence was sufficient to sustain the finding of the Workmen's Compensation Board that Mr. Rowe sustained an injury by accident in the course of his employment, and the court erred in reversing the board on this point.

With respect to the adequacy of notice of accident, to the employer, a close question is presented. Mr. Rowe testified that on the day he quit work he told his section boss that "my back was hurting", but did not say when it started hurting. The section boss substantially confirmed the conversation. On the following day, Mr. Rowe called the company doctor, who came to see him and gave him some pills. The company doctor did not testify, so we do not know

what his diagnosis was. Although Mr. Rowe had several conversations with the chief clerk of the mining company after he quit work, concerning his applications for benefits under his health insurance policy, he did not make any claim that he had suffered an accident. However, immediately after the making of the positive diagnosis of a herniated disc, four months after he quit work, he notified the company of his condition and made claim of an accident having occurred.

We think that under the circumstances the company had sufficient notice of the accident. There is no contention that the company was misled or was prejudiced by lack of formal notice. The statement to the section boss concerning the pain, and the visit to the company doctor the following day, taken with Rowe's failure to return to work thereafter, should have put the employer on notice that something out of the ordinary had happened to Rowe.

This case is clearly distinguishable from Whittle v. General Mills, Ky., 252 S.W.2d 55, 56. In that case the employe, after feeling a "burning sensation" in his back while lifting a sack of flour, continued to work for three weeks thereafter without making any complaint. He then went to a doctor who advised him that he was suffering from a herniated disc. Notwithstanding the diagnosis, the employe went back to his job and continued to work for some two months without saying anything about his condition. He then complained of pains in his back and was assigned to lighter duties. He did not give notice to his employer until some five months after the accident.

In the Whittle case the employe could not claim that he gave notice "as soon as practicable". KRS 342.185. Nor could he rely upon knowledge of his injury by an agent of his employer, or upon mistake. KRS 342.200. In the case now before us, we have some notice to the section boss and the company doctor, plus a complete cessation of work immediately following the injury, plus a mistaken diagnosis by the doctors who examined the employe. The situation here is

similar to that in American Rolling Mills Co. v. Stevens, 290 Ky. 16, 160 S.W.2d 355, 145 A.L.R. 1256, where there was a mistaken diagnosis by both the company doctor and the employe's private physician, which was held to excuse delay in giving notice. See also Turner, Day & Woolworth Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921, and Mengel Co. v. Axley, 311 Ky. 631, 224 S.W.2d 921.

We are of the opinion that the circuit court properly affirmed the finding of the Workmen's Compensation Board that adequate notice of accident was given.

The judgment is reversed on the direct appeal, and affirmed on the cross appeal.