### PROCTOR AND GAMBLE MANUFACTURING COMPANY et al., Appellants,

v.

### Hattie LITTLE, now Hattie Little Brewer, et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1962.

**867**

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellants.

E. B. Rose, Beattyville, O. J. Cockrell, Jackson, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the dependents of appellants' employee were awarded death benefits. The circuit court confirmed the award. On this appeal it is contended (1) there was a lack of proper notice, and (2) the claim for compensation was filed too late.

The employee was involved in an accident while driving a truck, and suffered severe bruises and abrasions. He was absent from work for two months but never made a claim for compensation. He died 13 months after the accident, apparently from complications arising from his injuries. This claim was filed nine months later.

It was stipulated the employer had timely notice of the accident and that the employee had "sustained injuries". The employer's contention is that it did not receive any notice of the *particular injury* which caused the employee's death. It was attributable to a dissecting aneurysm. The evidence shows that even doctors have difficulty diagnosing this ailment, and that the employee thought he was suffering from stomach trouble.

KRS 342.185 requires "notice of the accident * * * as soon as practical after the happening thereof". The following statute, KRS 342.190, provides for a written "notice and claim" which shall contain "the nature and extent of the injury sustained". KRS 342.200 provides in part that want of notice shall not bar proceedings if the employer "had knowledge of the injury" or the failure to give notice "was occasioned by mistake or other reasonable cause".

Although KRS 342.185 requires only notice of the *accident,* in view of KRS 342.190 we have construed the requirement of notice to include the specific *injury* for which the employee is claiming compensation for disability. See Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 134 S.W.2d 221; T. W. Samuels Distillery Co.

**868**

v. Houck, 296 Ky. 323, 176 S.W.2d 890; Whittle v. General Mills, Inc., Ky., 252 S.W. 2d 55. In those cases the employee had knowledge of the injury which caused his disability.

■ In this case the employee was not aware of the serious nature of his injury. Actually it was not discovered until after his death. KRS 342.200 seems to contemplate just such a situation. It provides that want of notice shall not be a bar if "occasioned by mistake or other reasonable cause". The employee's failure to give more adequate notice of a specific injury was because of his mistaken personal diagnosis and want of better knowledge. If the notice of the accident and apparent injuries received by the employer was inadequate, surely reasonable cause existed for the failure to give additional information. The employer cannot sustain its position on this point.

■ The next contention is that because the employee did not assert a claim for compensation within one year after the date of the accident his claim for disability was barred (under KRS 342.185), and his dependents could not thereafter prosecute a claim. The difficulty with this argument is that it is contrary to the plain provisions of the statutes. A death claim may be asserted within one year after the employee's death (KRS 342.185; 342.270(1)), but not later than two years after the accident (KRS 342.070). The statutes create two different types of claims, one by the employee and the other by his representatives or dependents. The latter claim is not dependent upon the assertion of the former.

■ This construction is disputed because KRS 342.070 authorizes a death claim if death results "from an accident *for which compensation is payable*". (Our emphasis) The argument is that the italicized language means that *disability* benefits must still be available or must have been paid as a condition precedent to the assertion of a death claim. Such does not appear a reasonable

construction. The phrase, "for which compensation is payable", is descriptive, identifying the cause of death as attributable to a disabling injury which would be compensable *if* the employee claimed disability benefits. Another statute makes clear that such is its meaning.

■ KRS 342.185 specifically recognizes that a claim for death may be made "within one year after such death, *whether or not a claim has been made by the employe himself for compensation*". (Our emphasis) This seems to end the matter. The claim here asserted is neither derivative from nor dependent upon the assertion of a disability claim by the injured employee.

The judgment is affirmed.