**TRICO COUNTY DEVELOPMENT & PIPELINE, Appellant,**

v.

**Scotty SMITH; Honorable Grant S. Roark, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2007–SC–000556–WC.

Supreme Court of Kentucky.

Dec. 18, 2008.

Rehearing Denied Aug. 27, 2009.

W. Barry Lewis, Lewis and Lewis Law Offices, Hazard, KY, Counsel for Appellant.

Leonard Joseph Stayton, Inez, KY, Counsel for Appellee.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits based on findings that he failed to give timely notice of an accident that occurred on June 12, 2003, or an accident that occurred several weeks earlier. A majority of the Workers' Compensation Board affirmed. A majority of the Court of Appeals reversed, however, holding that the claimant complied with KRS 342.185 by giving notice to the employer's insurance carrier. Appealing, the employer asserts that the Court of Appeals misconstrued KRS 342.185 and that the claimant failed to meet his burden of proving timely notice.

We affirm although our reasoning differs from that of the Court of Appeals. The evidence compelled a finding of timely notice. Although KRS 342.185 and KRS 342.190 require notice of a work-related accident to be given to the employer, in writing, KRS 342.200 excuses a delay in doing so if "the employer, his agent or representative had knowledge of the injury." An employer's insurance carrier may be viewed as being its agent or representative for the purpose of giving notice. This employer's carrier received notice, requested medical records, and filed a First Report of Injury within twelve days after the June 12, 2003, incident.

The claimant was born in 1967 and completed high school. He worked for Trico County Development and Pipeline (Trico) as a bulldozer operator. His application for benefits alleged that he sustained a work-related injury on June 12, 2003, that affected his back, neck, right shoulder, legs, and arms and caused a psychological impairment. It also alleged that he advised his supervisor after the accident. Trico denied the claim on the grounds that the claimant failed to give timely notice and that no accident occurred.

When deposed, the claimant testified that he began working for Trico in April 2003. He stated that he fell off the tracks of the bulldozer about three weeks before June 12, 2003, but did not report the incident at the time because he did not consider it to be significant. He was injured again on June 12, 2003, while helping Kenneth Keaton to tighten a binder that secured a bulldozer on a trailer. He stated that Keaton let go of the binder, which jerked the claimant forward and caused pain between his shoulders. He informed Keaton that he thought he had "pulled something" in his shoulder. Shortly thereafter his supervisor, Perry Music, arrived. The claimant testified that he informed

Music of his injury, but they then had a confrontation over whether the claimant intended to go to work for another company in the area. He stated that Music fired him and that Keaton dropped him off at the home of Andrew Branham, a nearby landowner, to find a way home. The claimant testified that he sought medical treatment at St. Francis Hospital that night but had difficulty finding a physician to provide follow-up treatment under Kentucky workers' compensation because he lived in West Virginia. He contacted Trico's workers' compensation carrier and was referred to Dr. Hoover in Williamson, West Virginia, whom he saw on or about June 18, 2003.

Medical records indicated that the claimant sought treatment at the St. Francis Hospital emergency room in the early morning hours of June 13, 2003, complaining of neck and upper back pain. He reported that he injured his right arm three weeks earlier in a fall, but it had gotten better. He now experienced severe upper back and right shoulder pain after pulling on a ratchet binder on the previous day at work. The physician diagnosed a right shoulder strain and recommended rest, ice, compression, and elevation. He prescribed Hydrocodone and Flexeril, released the claimant to return to work in two or three days, and recommended follow-up medical treatment.

The record indicates that the claimant completed a First Report of Injury form on June 13, 2003. He included the June 12, 2003, incident as well as the incident alleged to have occurred a few weeks earlier. Records at the Office of Workers' Claims indicate that the carrier filed the report on June 24, 2003.

Dr. Scott performed an independent medical evaluation at the request of Trico's insurance carrier on August 11, 2003. Among the records that he reviewed was the claimant's injury report and the carrier's June 23, 2003, request for records from the Williamson Wellness Center. Dr. Scott diagnosed a trapezius and rhomboid or thoracic strain, which he based solely on the claimant's complaints and the history that he gave. The carrier received the report on September 4, 2003.

Kenneth Keaton testified that he bound the dozer on the trailer while the claimant talked with Music. He denied that the claimant pulled on a binder, that an accident occurred, or that the claimant mentioned an injury. He stated that the claimant had informed him previously that he intended to leave the job to work for another employer. Perry Music testified that his wife owned Trico and did the bookkeeping. He handled operations and supervised the five employees. Music stated that the claimant had worked for Trico for only "a couple of weeks" and never reported a work-related injury. He learned of the alleged June 12, 2003, injury when his workers' compensation carrier contacted him or when he received a medical bill from West Virginia. He could not recall which occurred first or the date. Music testified that the witness listed on the First Report of Injury for the earlier incident was a friend of the claimant's whom Music had fired before June 12, 2003. Also attached to the deposition was a copy of a fax that Trico's insurance carrier received on July 6, 2003. The fax contains a copy of the claimant's June 12, 2003, paycheck as well as notations regarding hours and pay. Music denied that the notations were in his handwriting.[1]

Andrew Branham recalled witnessing the claimant and Keaton loading a dozer

1. The fax originated from a telephone number in area code 304, which covers West Virginia.

Trico's business address is in Oil Springs, Kentucky.

but did not recall whether it occurred on June 12, 2003. He also saw the claimant help to tighten binders but did not see an injury. Branham stated that he let the claimant use his phone to obtain a ride home and that he did not mention an injury.

The claimant argued that he gave timely and adequate notice. He admitted that he failed to give notice of the earlier injury, which he did not consider to be significant at the time, but argued that he gave immediate notice of the June 12, 2003, injury and filed a timely injury report with Trico's insurance carrier. Moreover, the carrier filed electronically on June 24, 2003. The claimant also argued that Music received the bill from St. Francis Hospital and that Trico was able to schedule an independent medical evaluation within two months after the injury. Trico asserted, however, that no work-related injury occurred and that the claimant failed to notify Music or his wife of either incident.

The ALJ found that the claimant did not give notice on June 12, 2003, and noted his admitted failure to give notice of the previous incident. The ALJ acknowledged that Trico may have received notice sometime after June 12, 2003, but found that the claimant failed to prove a date before January 8, 2004, when he filed his claim. Thus, the ALJ dismissed the claim, finding that notice given seven months after the accident was not given "as soon as practicable."

The claimant did not file a petition for reconsideration or request any specific findings. He asserted on appeal that the ALJ erred by finding that Trico had no notice of the June 12, 2003, accident until he filed a claim. He argued that Music admitted that either the carrier or a medi-

cal bill informed him of the injury; that the July 6, 2003, fax implied that Music knew of the injury at that time; and that Trico had notice no later than August 11, 2003, when Dr. Scott examined him. He also argued that notice to the carrier complied with KRS 342.185.

■ An injured worker has the burden to prove every element of a claim. KRS 342.185 requires the worker to give notice of a work-related accident "to the employer as soon as practicable after the happening thereof." KRS 342.190 requires notice to be given in writing and to include the time, place, nature, and cause of the accident as well as a description of the nature and extent of any resulting injury. KRS 342.200 provides, however, as follows:

> The notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause.

■ KRS 342.0011(1) defines a work-related injury as being a traumatic event that is the proximate cause producing a harmful change in the human organism. Considered together with KRS 342.0011(1), KRS 342.185 and KRS 342.190 require timely notice of the work-related accident (i.e., the traumatic event) as well as of the resulting harm. Notice given by filing a claim may or may not be timely.[2]

---

**2.** Smith v. Cardinal Construction Co., 13 S.W.3d 623 (Ky.2000); Peabody Coal Co. v. Powell, 351 S.W.2d 172 (Ky.1961).

Trico emphasizes that KRS 342.185 clearly and unambiguously requires a worker to give notice to the employer, the real party in interest. Stating that Chapter 342 subjects the employer to reporting requirements upon receipt of notice from the worker, the employer argues that allowing workers to give notice to an insurance carrier "would result in the complete collapse of the safeguards which have been put in place to protect injured workers." Moreover, it would thwart the purposes of the notice requirement. Trico concludes that substantial evidence supported the decision to dismiss the claim and that the Court of Appeals should not have reversed it.

 KRS 342.185 and KRS 342.190 require notice of an accident and injury to be given to the employer, in writing, as soon as practicable. The purposes of the requirement are threefold: to enable the employer to provide prompt medical treatment in an attempt to minimize the worker's ultimate disability and the employer's liability, to enable the employer to make a prompt investigation of the circumstances of the accident, and to prevent the filing of fictitious claims.[3] KRS 342.038 requires an employer to keep a record of injuries and report them to its insurance carrier, but it requires the insurance carrier to report an injury that causes more than one day's absence from work to the Office of Workers' Claims. As the Court of Appeals pointed out, the carrier does much of the investigation concerning an accident.

We conclude that an employer's insurance carrier may be viewed reasonably as being its agent or representative for the purposes of the notice requirement.

KRS 342.200 contains three distinct reasons that a worker may raise to excuse an irregularity in complying with the notice requirement. The first permits a lack of employer prejudice to excuse a worker's inaccuracy in complying with KRS 342.190, which requires notice to be in writing and to include the circumstances of an accident as well as a description of the nature and extent of the resulting harm. It is inapplicable under the present facts because the claimant gave the employer written notice of the accident, its circumstances, and the harm that it caused no later than January 8, 2004, when he filed his claim. The ALJ determined that notice given on that date was not as soon as practicable, a matter to which the second and third reasons apply.

 The second reason permits a delay in giving notice to be excused if the employer, his agent, or representative had knowledge of the injury. The third permits a delay in giving notice due to mistake or other reasonable cause to be excused.[4] A lack of employer prejudice does not waive a delay in giving notice.[5] The facts and circumstances of a case determine whether notice was given as soon as practicable.[6] The courts have found notice of an accident and the resulting harm to be inadequate where the worker's conduct thwarted the purposes of the requirement.[7]

3. See *Harlan Fuel Co. v. Burkhart*, 296 S.W.2d 722 (Ky.1956).

4. *Rowe v. Semet–Solvay Division Allied Chemical & Dye Corp.*, 268 S.W.2d 416 (Ky.1954).

5. *Blue Diamond Coal Co. v. Stepp*, 445 S.W.2d 866, 868 (Ky.1969).

6. *Marc Blackburn Brick Co. v. Yates*, 424 S.W.2d 814 (Ky.1968).

7. See *Whittle v. General Mills, Inc.*, 252 S.W.2d 55 (Ky.1952), (worker gave no notice of accident and denied a work-related injury upon quitting employment but alleged an accident and injury five weeks later); *T.W. Samuels Distillery v. Houck*, 296 Ky. 323, 176 S.W.2d 890 (1943), (five-month delay in giving notice of accident thwarted employer's opportunity to investigate); *Buckles v. Kroger Grocery & Baking Co.*, 280 Ky. 644, 134

██ Although the claimant testified that he notified Music of an accident and injury orally on June 12, 2003, the ALJ relied on testimony from Messrs. Music and Keaton and found that he did not. The finding was reasonable under the evidence and, thus, was not disturbed on appeal.[8] The employer clearly received notice with the claimant's application for benefits, but the ALJ determined reasonably that notice given seven months after the accident and injury was not as soon as practicable. Thus, the analysis under KRS 342.200 turns on whether Music or Trico "had knowledge of the injury" at an earlier date and, if so, whether the date was as soon as practicable after the accident.

██ The evidence compelled a finding that KRS 342.200 excused the delay in notifying Trico because its agent or representative had knowledge of the injury within days after it occurred. The claimant completed a First Report of Injury on June 13, 2003, the day after the alleged accident. Trico's carrier had knowledge of the injury no later than June 23, 2003, when it requested his medical records from Dr. Hoover, and filed the First Report of Injury on June 24, 2003. Such prompt notice must be viewed as being timely. Thus, the ALJ erred in dismissing the claim.

The decision of the Court of Appeals is affirmed.

ABRAMSON, CUNNINGHAM, SCHRODER and SCOTT, JJ., concur.

S.W.2d 221 (1939), (reason for delay in giving notice that hernia had resulted from accident was to avoid treatment and to continue working during the lucrative holiday season).

8. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986).

MINTON, C.J., and NOBLE and VENTERS, JJ., dissent by separate opinion.

## DISSENTING OPINION

The decision of the Court of Appeals should be reversed. The ALJ did not err in dismissing the claim because no evidence compelled a finding of timely notice. Workers' compensation is statutory. Nothing in Chapter 342 evinces the intent to permit a worker to bypass the employer and give notice of an accident and a resulting injury to the employer's insurance carrier. In fact, the plain language of the relevant statutes evinces the opposite intent.

KRS 342.185 is explicit. It requires notice of a work-related accident to be given to the employer "as soon as practicable." Although KRS 342.360 requires all workers' compensation policies to provide that knowledge of an injury by the insured employer constitutes notice to the employer's insurance carrier, it neither states nor implies that notice to the carrier constitutes notice to the employer. Notice of an accident and the resulting harm does not comply with KRS 342.185 if the worker's conduct thwarts the purposes of the requirement.[1] Viewing the carrier as being an employer's agent or representative for the purpose of the notice requirement thwarts the purpose of the requirement and may prejudice the employer.

Among the purposes of requiring a worker to notify the employer of an accident and resulting injury "as soon as practicable" are: to enable the employer to provide prompt medical treatment in an

1. See *Whittle v. General Mills, Inc.*, 252 S.W.2d 55 (Ky.1952); *T.W. Samuels Distillery v. Houck*, 296 Ky. 323, 176 S.W.2d 890 (1943); *Buckles v. Kroger Grocery & Baking Co.*, 280 Ky. 644, 134 S.W.2d 221 (1939).

attempt to minimize the worker's ultimate disability and the employer's liability, to enable the employer to make a prompt investigation of the circumstances of the accident, and to prevent the filing of fictitious claims.[2] Another purpose is to enable the employer to take prompt action to prevent similar injuries to other workers. As the real party in interest and the party who controls the workplace, the employer has immediate reasons to need to know, for example, that there is a slippery area on the floor of the plant or that the catch on an extension ladder or another piece of equipment has malfunctioned. Permitting a worker to bypass the employer by giving notice to the carrier delays the employer's opportunity to address the problem, thwarts one of the purposes of the requirement, and prejudices the employer if another worker is injured as a consequence.

The claimant alleged that an injury occurred three weeks before June 12, 2003, when he fell off the tracks of a bulldozer. He admitted that he failed to notify Trico of the incident, and the ALJ did not believe his testimony that he notified Perry Music, or Kenneth Keaton of a subsequent injury on June 12, 2003. The ALJ determined that he did not give the employer notice of either alleged injury until he filed his claim on January 8, 2004. Convinced that any injury occurred in the earlier incident and that notice given seven months after the injury was not "as soon as practicable", the ALJ dismissed the claim. The decision was reasonable under the evidence.[3]

The Court of Appeals erred by reversing because the ALJ construed KRS 342.185 properly and because the evidence did not compel a finding that the claimant gave timely notice of the alleged injuries.

**2.** *See Harlan Fuel Co. v. Burkhart,* 296 S.W.2d 722 (Ky.1956).

MINTON, C.J., and NOBLE and VENTERS, JJ., join in this dissenting opinion.

**3.** *Special Fund v. Francis,* 708 S.W.2d 641, 643 (Ky.1986).