Shane GRANGER, Appellant

v.

LOUIS TRAUTH DAIRY; Honorable Douglas W. Gott, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2010–SC–000253–WC.

Supreme Court of Kentucky.

Dec. 16, 2010.

Thomas Lawrence Hicks, Sutton Rankin Law, PLC, Edgewood, KY, Councel for Appellant, Shane Granger.

Stephen Randall Chappell, Mark Joseph Hinkel, Landrum & Shouse, LLP, Lexington, KY, Counsel for Appellee, Louis Trauth Dairy.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits, having found that he failed to give timely notice as required by KRS 342.185. The Workers' Compensation Board affirmed the decision, and a divided Court of Appeals affirmed the Board. Appealing, the claimant asserts that the ALJ erred by failing to find under KRS 342.200 that a mistake or reasonable cause excused his delay in giving notice.

We affirm. Evidence that what at first appeared to be an insignificant bruise had failed to heal after two months; developed into an open, draining sore; and concerned the claimant sufficiently to cause him to seek medical attention clearly does not compel a finding that he remained mistaken about the seriousness of his injury and acted reasonably by failing to report the accident and injury until sometime thereafter.

The claimant worked as a machine operator in the defendant-employer's dairy. He testified that he injured his right leg on August 15, 2007, when a case filled with nine half-gallons of milk came down a chute and struck him in the shin with sufficient force to knock him to the ground. The accident left a welt or red mark on his leg. He stated that Billy Wehr, a co-worker, observed the accident as well as the mark that it left on his leg and told him "that looks like it hurts."

The claimant admitted that his leg hurt for a little while but stated that he did not consider the injury to be a "big deal" at the time. The swelling was a little larger the next day and bruising became evident. The bruising appeared to increase in the following days, but he did not seek medical treatment because the skin was not broken. Nor did he fill out an accident report.

The claimant testified that his shin remained bruised through October, 2007, more than two months after the accident. Moreover, it became red and discolored and an open sore developed and began to drain. He attempted self-treatment but eventually sought treatment with his family physician on November 7, 2007 because the wound failed to heal. His health insurance carrier paid part of his physician's medical bills and those of a wound specialist to whom he was later referred.

The claimant testified that he notified Ed Kramer of the injury sometime in November 2007, probably between his first and second medical appointments. He stated that he told Kramer he needed to complete an accident report but that Kramer told him it was too late to do so. After stating initially that he did not report the injury to Dave Wiseman, he testified that he did discuss the injury with Wiseman at some point but that Wiseman refused to prepare a report for an incident that occurred five months earlier. The claimant stated that the report was prepared eventually at the direction of the dairy's human resources department.

Ed Kramer, the dairy's production manager, was present for about four hours of the claimant's shift on August 15, 2007. Kramer testified that the claimant never reported a work-related injury to him. He became aware of the injury after the claimant's medical treatment began but did not know that it was work-related until Dave Wiseman was asked to complete an accident report.

Dave Wiseman, a production supervisor, testified that he learned "months after the injury" that the claimant had problems with his leg. He stated that the claimant did not report the injury to him but that Bill Wehr, an hourly employee and union representative, presented him with an accident report relating to the injury in January 2008. Wiseman testified that the dairy has a policy requiring that any work injury be reported, no matter how small.

The claimant asserted that he gave timely notice because a reasonable cause excused his delay in notifying the employer of his accident and injury.[1] He argued that the delay resulted from his mistaken belief that the injury was insignificant. He maintained that he gave notice when he learned otherwise.

The ALJ dismissed the claim, having found that the claimant failed to give notice "as soon as practicable." The ALJ agreed with the claimant that an employee is not required to report "every little bump and bruise that occurs in the workplace" and that an employer's requirement to report "any injury, no matter how small" does not control the statutory notice requirement. The ALJ noted, however, that an accident forceful enough to knock the claimant to the ground was more than a trivial event. Although appreciating why the claimant failed to report the accident immediately, the ALJ found it unreasonable for him to have continued to believe that the injury was no "big deal" when it began to worsen and develop into an open sore. The claimant clearly knew that the sore resulted from his accident before seeking medical treatment almost three

1. KRS 342.200.

months after the injury. Yet he failed to notify his employer until sometime thereafter. The ALJ found no particular prejudice to the employer because earlier medical treatment probably would not have prevented the injury from worsening but concluded that to find notice to be timely under the circumstances would negate the requirement that notice be given "as soon as practicable."

Three statutes govern the notice requirement, KRS 342.185, KRS 342.190, and KRS 342.200. When read in concert, KRS 342.185 and KRS 342.190 require an injured worker to give written notice of a work-related accident, including certain details regarding the accident and resulting injury, and to do so "as soon as practicable" after the accident occurs. The purpose of the requirement is threefold: 1.) to enable an employer to provide prompt medical treatment in an attempt to minimize the worker's ultimate disability and the employer's liability; 2.) to enable the employer to investigate the circumstances of the accident promptly; and 3.) to prevent the filing of fictitious claims.[2] KRS 342.200 excuses an inaccuracy in complying with KRS 342.190 unless it misleads and injures the employer. It also excuses a delay in giving notice if the employer has actual knowledge of the injury or if the delay results from mistake or other rea-

sonable cause. Although a lack of prejudice to the employer excuses an *inaccuracy* in complying with KRS 342.190, it does not excuse a *delay* in giving notice.[3]

The claimant had the burden to prove that he gave notice of his accident and resulting injury "as soon as practicable."[4] Having failed to convince the ALJ that he did so, his burden on appeal is to show the decision to be unreasonable under the circumstances because overwhelming evidence compelled a favorable finding.[5] He fails to do so.

The claimant asserts that nothing requires a worker to report "a minor incident in which there is no injury." He argues that he failed to give immediate notice of his accident "because he mistakenly thought he had an innocuous bump." Moreover, the fact that his physician "applied a cream and a bandage" continued to lead him to believe that the accident and injury were "no big deal." He states that he did provide notice "as soon as he learned that his understanding of his bump was incorrect."

This case involves an injury resulting from a single workplace accident of which the claimant was aware. Contrary to the authority upon which he relies, this is not a case in which he gave notice of the work-related accident but delayed in giving notice of the resulting injury.[6] Nor is it an

2. *Smith v. Cardinal Construction Co.,* 13 S.W.3d 623 (Ky.2000); *Harlan Fuel Co. v. Burkhart,* 296 S.W.2d 722 (Ky.1956).

3. *Trico County Development & Pipeline v. Smith,* 289 S.W.3d 538, 542 (Ky.2008); *Blue Diamond Coal Company v. Stepp,* 445 S.W.2d 866, 868 (Ky.1969). *Stepp* overruled *Mengel v. Axley,* 311 Ky. 631, 224 S.W.2d 921 (1949), in which a predecessor court determined that whether a delay in giving notice of an accidental injury precluded compensation depended primarily on evidence of employer prejudice but also on whether the delay resulted from mistake or other reasonable cause. The *Mengel* court affirmed a finding

that notice given one month after the accident was reasonable in a case involving no employer prejudice and an honest belief that the injury was slight.

4. *Whittle v. General Mills, Inc.,* 252 S.W.2d 55 (Ky.1952).

5. *Special Fund v. Francis,* 708 S.W.2d 641, 643 (Ky.1986).

6. *Proctor & Gamble Mfg. Co. v. Little,* 357 S.W.2d 866 (Ky.1962) (court affirmed finding of timely notice where employer notified of accident and what appeared to be minor inju-

occupational disease case, which involves a different notice requirement, or a case involving conflicting diagnoses, one of them from a company doctor.[7] Finally, unlike all of the authority upon which he relies, this is not a case in which the question on appeal is whether substantial evidence supported a finding that notice of the accident and resulting injury was timely. At issue is whether overwhelming favorable evidence compelled such a finding. We conclude that it did not.

Although it may be impractical to expect a worker to report every minor workplace bump and bruise, an accident forceful enough to knock a grown man to the ground and cause a welt on his leg clearly is more than a trivial event. Yet immediately after sustaining such an accident, a worker might reasonably view some swelling and what appears to be only a minor bruise as being an insignificant injury that does not warrant reporting. Continuing to view the accident and injury as being insignificant becomes less and less reasonable, however, when the harmful changes heal slowly, fail to heal, or worsen.

The ALJ decided this case reasonably. The claimant failed to give notice of his accident and injury until about three months after they occurred. Evidence that what at first appeared to be an insignificant bruise had failed to heal after two months; developed into an open, draining sore; and concerned the claimant sufficiently to cause him to seek medical atten-

tion clearly does not compel a finding that he remained mistaken about the seriousness of his injury and acted reasonably by failing to report the accident and injury until sometime thereafter.

The decision of the Court of Appeals is affirmed.

All sitting. MINTON, C.J.; ABRAMSON and SCHRODER, JJ., concur. VENTERS, J., concurs in result only by separate opinion. SCOTT, J., dissents by separate opinion in which CUNNINGHAM and NOBLE, JJ., join.

VENTERS, J., concurring in result only.

Although I agree with the concern expressed by Justice Scott in his dissenting opinion, that a worker should not be expected to report as a work-related "accident" under KRS 342.185 what would appear to be an inconsequential cut, bruise, or blow causing no compensable injury or requiring no medical attention, I concur in result with the Majority Opinion because Appellant failed to give notice of his injury until long after its serious and consequential nature became obvious.

SCOTT, J., dissenting.

I must respectfully dissent as the majority's holding—barring Appellant's claim on the basis the notice was untimely—fails to give due consideration to the "mistake or

---

ries and where not unreasonable for worker to fail to give notice of more serious injury of which he was unaware); *Rowe v. Semet–Solvay Division Allied Chemical & Dye Corp.*, 268 S.W.2d 416 (Ky.1954) (court affirmed finding of timely notice where worker loading coal made statement concerning back pain to section boss, visited company doctor the next day, and failed to return to work thereafter and gave further notice of accident and resulting injury immediately upon diagnosis of herniated disc).

7. *Harlan Fuel Co. v. Burkhart,* 296 S.W.2d 722 (Ky.1956) (distinguishes authority concerning notice requirement for accident from that for occupational disease; company doctor's misdiagnosis of tuberculosis provided reasonable cause for miner's delay in giving notice that other physicians diagnosed silicosis until after company doctor informed him of correct diagnosis).

other reasonable cause" provision of KRS 342.200. In my opinion, such a restrictive view disregards the General Assembly's mandate that "all statutes of this state shall be liberally construed" to accomplish "the intent of the legislature." KRS 446.080(1). "This principle of protecting the interests of the injured worker is a basic tenet of workers' compensation law." Ronald W. Eades, 18 Ky. Prac., *Workers' Comp.* § 1:3 (2010–2011). Instead, the majority's holding furthers a policy that forces workers to report *every bump and bruise* posthaste in order to preserve a possible right to appropriate remuneration. This is a substantial *disincentive* for honest workers (who self-treat minor work-related injuries), and instead forcefully channels them into litigious positions.

Like thousands of workers in this Commonwealth, a heightened risk of physical injury is implicit in Appellant's work. Thus, the majority's attempt to emphasize the unreasonableness of not initially reporting this incident due to the circumstances (he was "struck . . . with sufficient force to knock him to the ground") is misplaced. Appellant is an industrial laborer, working near a chute that expels crates of milk. In some lines of work, being physically knocked down during work might be an extreme occurrence. Here, however, the reality of the situation is that Appellant was struck by a crate which caused a minor welt, not even enough to make him quit working.

And as this welt later became a bruise, Appellant acted reasonably in self-treating what appeared to be a trivial injury. Moreover, he continued to work. Unfortunately, the bruise did not heal as expected, forcing him to seek medical treatment, which expectantly necessitated his filing a claim.

Now, with hindsight, his claim is denied on the grounds that his notice of the injury was untimely. Yet, KRS 342.200 provides in this regard, that:

> Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned *by mistake or other reasonable cause.*

(emphasis added). Furthermore, KRS 446.080(1) provides:

> All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

*See also, Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows,* 666 S.W.2d 730, 732 (Ky.1983) ("All presumptions will be indulged in favor of those for whose protection the enactment was made.").

Quite clearly, Appellant is not a doctor, and he did not reasonably foresee the serious nature of what appeared to be a minor injury. And though he mistakenly believed he did not need medical treatment, given the bruise's appearance—not to mention life's normal experiences with bruises—his mistake was reasonable.

In my opinion, the present case is similar to *Little,* wherein we held that KRS 342.200 did not bar the claim because, "[t]he employee's failure to give more adequate notice of a specific injury was because of *his mistaken personal diagnosis and want of better knowledge." Proctor & Gamble Mfg. Co. v. Little,* 357 S.W.2d 866, 868 (Ky.1962) (emphasis added).

*Little* involved a workers' compensation claim filed approximately two years after the accident and nine months after the

employee's death. Like Appellant's injury, the employee in *Little* suffered bruising and abrasions, but "was not aware of the serious nature of his injury." *Id.* Later complications resulted in his death; however, we held that the failure to report the specific injury was not a bar. Based on *Little*, Appellants understandable delay in reporting his claim should also be excused by KRS 342.200's "mistake or other reasonable cause" exception.

However, the majority focuses primarily on whether Appellant gave notice to his employer "as soon as practical" as mandated by KRS 342.185(1). As quoted, the three-fold purpose of the 342.185(1) requirement is: "(1) to enable the employer to provide prompt medical treatment in an attempt to minimize the worker's ultimate disability and the employer's liability; (2) to enable the employer to make a prompt investigation of the circumstances of the accident; and (3) to prevent the filing of fictitious claims." *Trico County Development & Pipeline v. Smith*, 289 S.W.3d 538, 542 (Ky.2008). Yet here, none of these purposes are furthered by barring Appellant's claim.

First, the ALJ specifically found that "it is unlikely that if [the employer] had received immediate notice of the injury-producing bruise it would have directed [Appellant] to any particular medical treatment that would have warded off the [unexpected] open sore that developed from the bruise." Thus, the first purpose of KRS 342.185—prompt medical treatment which minimizes employer liability— would not have been served. ·Next, the second and third purposes, prompt investigation and prevention of fictitious claims, are not present, as there is not even a hint that the injury resulted from a non-work related cause (i.e. horseplay) or that Appellant fabricated his claim. To the contrary, the ALJ found that "[Appellant] presents with [sic] a sympathetic case."

Therefore, under the "greater latitude" appellate standard when reviewing mixed questions, I would hold that the ALJ's findings "were [not] supported by evidence of probative value." *Purchase Transp. Services v. Estate of Wilson*, 39 S.W.3d 816, 817–818 (Ky.2001) (*quoting* the appellate standard of review for mixed questions of law and fact). Appellant mistakenly diagnosed his work-related injury as minor, and reasonably attempted to treat the bruise. I simply cannot support a holding that penalizes a worker who attempts to self-treat what started out as a simple bruise by barring his workers' compensation claim. Moreover, such a holding does not comport with the liberal statutory construction directives and creates a system that mandates every employee immediately report each minor injury or risk forfeiting his workers' compensation claim.

Thus, I agree with Senior Judge Lambert's dissent in the Court of Appeals, and share his concern that the majority's holding will inundate industrial employers with trivial complaints, and I therefore dissent.

CUNNINGHAM and NOBLE, JJ., join.