# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 15, 2018
NOT TO BE PUBLISHED

*Supreme Court of Kentucky*

FINAL

2017-SC-000008-WC

DATE 3|8|18 Kim Redmon, DC

JOHN BLICKENSTAFF                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.             CASE NO. 2016-CA-0011119-WC
WORKERS' COMPENSATION BOARD NO. 15-WC-90088

UNITED PARCEL SERVICE, INC.;                                        APPELLEES
HON. JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Kentucky Revised Statute (KRS) 342.185 requires that notice of a work-related injury be provided to the employer "as soon as practicable after the happening thereof." The administrative law judge (ALJ) in this case determined that Appellant John Blickenstaff failed to comply with this directive when he did not report a workplace injury occurring sometime in late September 2014 to his employer, Appellee United Parcel Service (UPS), until March 28, 2015. On appeal, both the Workers' Compensation Board and the Court of Appeals affirmed the ALJ's dismissal of the claim for failure to give timely notice as required by KRS 342.185. Having reviewed the record, we affirm.

# RELEVANT FACTS

Blickenstaff began working for UPS part-time in June 2000 as a package handler and transitioned to full-time work in November 2011. In the fall of 2014, he was working as a package handler involved in "sort out" (reading labels and sorting packages) on the twilight shift and then as an irregular train driver on the night shift. The latter position required sorting irregular packages onto a cart, pulling the cart over to a slide and then pushing the boxes up an incline.

Blickenstaff sought medical treatment in early October 2014 for low back pain and was treated by Drs. Lisa Feng and Peter Liu of the Lexington Clinic. At that time there was no indication of any work injury. Blickenstaff was off work for much of October through mid-December 2014 but he would later testify that he lost no time due to any work injury. It was undisputed that he took FMLA (Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*) leave from October 1, 2014 through late November 2014. The FMLA leave request was for "my own medical condition" and contained no further explanation.

On November 3, 2014, Blickenstaff sought treatment for low back pain from Dr. Joseph Zerga, a neurologist, to whom he related a September 22, 2014 work injury that involved pain in his back and leg as he lifted a box. Blickenstaff indicated that he had not reported the injury to his employer, UPS.

Heather Helton, Blickenstaff's twilight shift supervisor, testified that despite his training regarding workplace injuries and the need for immediate reporting, Blickenstaff did not report an injury to her at any time in 2014. She

2

first became aware of an alleged injury when UPS filed a report on March 23, 2015, indicating that Blickenstaff was claiming a September 27, 2014 injury.[1] Similarly, Todd Padgett, a UPS twilight shift manager, was unaware of Blickenstaff's injury claim until March 2015 when Blickenstaff began inquiring about payment of medical bills. A first report of injury was completed at that time. Padgett testified that Blickenstaff was familiar with the workers' compensation process and workplace injury claims, having reported three prior injuries, including one, a 2006 left elbow injury, which resulted in temporary total disability benefits. A third UPS employee, Clay Ramsey, was Blickenstaff's supervisor on the night shift during September 2014. He was unaware of Blickenstaff's claim until late 2015 shortly before he was asked to give a deposition.

Blickenstaff testified that he did give notice to UPS, having told a supervisor, Jordan Burton, in the summer of 2014 that he had back pain, as well as his "supervisor" Heather Smith on October 1, 2104. Neither of these individuals testified or provided statements in the subsequent workers' compensation proceeding, and UPS had no record of any reported injuries by Blickenstaff until March 2015 when UPS completed a report based on Blickenstaff's inquiries.

On June 1, 2015, Blickenstaff filed a claim against UPS alleging an injury during the course and scope of his employment on October 1, 2014. He

---

[1] This date is five days after the injury date that Blickenstaff gave Dr. Zerga.

later amended the injury date to on or around September 29, 2014. (It was undisputed that Blickenstaff was off work on October 1, 2014, the original injury date identified in his claim.)

The ALJ heard from Blickenstaff at the formal hearing and considered his deposition. The ALJ also considered the depositions of the three UPS employees, Heather Helton, Todd Padgett, and Clay Ramsey. In addition, he considered the records of Drs. Feng and Liu; the Lexington Clinic physical therapy records; the chiropractic records of Dr. Michael Pugh, D.C.; the medical records and a letter from Dr. Joseph Zerga, the treating neurologist; and an independent medical examination by Dr. Frank Burke, an orthopedic surgeon. The ALJ was "convinced" from Dr. Zerga's records and the totality of the evidence that Blickenstaff suffered a specific traumatic injury at work on September 22, 2014. As the ALJ stated, "This is important given the fact the notice requirement is different for specific traumatic injuries as opposed to cumulative trauma injuries." The ALJ further found UPS's "version of events" regarding not receiving notice of Blickenstaff's September 2014 injury until March 2015 to be more credible. The six-month delay in giving UPS notice, according to the ALJ, "was not explained" and that, coupled with Blickenstaff's inconsistency in identifying the date of injury (offering dates from September 22 through October 1), led the ALJ to conclude that the law compelled dismissal because "notice was not given as soon as practicable under the circumstances and there was no excuse for the delay."

4

After carefully examining and reviewing the record, the Board affirmed, rejecting Blickenstaff's argument that he suffered a gradual injury at UPS rather than a specific trauma injury. Finding that the record contained substantial evidence supporting the ALJ's finding of a specific trauma injury, the Board noted that "no physician of record indicated cumulative trauma caused either the underlying condition or the increase in symptoms experienced in September or October 2014." The Board concluded that the ALJ had analyzed the notice issue correctly under Kentucky law and that Blickenstaff did not meet his burden for overturning the ALJ's decision by showing that overwhelming evidence compelled a contrary conclusion.

The Court of Appeals, like the Board, unanimously affirmed. That Court found substantial evidence supported the ALJ's findings and the law regarding notice pursuant to KRS 342.185 was correctly applied.

## ANALYSIS

As a workers' compensation claimant, Blickenstaff has the burden of proving all elements of his claim, *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984), including the element of timely notice to his employer. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). The ALJ is charged with fact-finding and has the sole authority to determine the quality, character and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). On review of the ALJ's decision, the issue is whether there is substantial evidence of probative value supporting his findings. *Whittaker v. Rowland*, 998 S.W.2d 479, 481-82 (Ky. 1999). For Blickenstaff to secure relief

5

on review, he must establish that the evidence was so overwhelming that it compelled a contrary finding -- a finding in his favor. *Special Fund*, 708 S.W.2d at 643. The Board, the Court of Appeals and this Court apply that same standard as to factual findings, and also consider whether the ALJ overlooked or misconstrued controlling statutes or precedent. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

Blickenstaff first argues that the ALJ erred in finding that he suffered a specific injury as opposed to a gradual repetitive injury. As the ALJ noted, the nature of a work-related injury is important because it affects the giving of notice. Citing *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503 (Ky. 2001), Blickenstaff alleges the ALJ erred in finding a specific traumatic injury and should have instead deemed his injury a gradual work injury, which would have relieved him of any obligation to give notice until a medical professional informed him that his back issues were work-related. He maintains that there was no such medical diagnosis and causation determination until September 2015 (six months after his compensation claim was filed) when he was evaluated by Dr. Frank Burke.

Having reviewed the record, like the Board and Court of Appeals, we find substantial evidence to support the ALJ's finding that Blickenstaff suffered a specific traumatic injury sometime in late September 2014. Although the exact date may be subject to some dispute, Blickenstaff's history to Dr. Zerga on November 3, 2014, reflected in contemporaneous medical records, substantially supports a September 22, 2014 injury. The record contains no

6

evidence, much less overwhelming evidence, that compels a contrary finding. Indeed, as the Board aptly noted "no physician of record indicated cumulative trauma caused either the underlying condition or the increase in symptoms experienced in September or October 2014." The ALJ did not err in finding a specific traumatic injury.

After suffering the September 2014 work injury, Blickenstaff was obligated to give notice of his "accident" "as soon as practicable after the happening thereof." KRS 342.185. As this Court noted in *Granger v. Louis Trauth Dairy*, 329 S.W.3d 296, 298 (Ky. 2010), the purpose of the prompt notice requirement is threefold:

> 1.) to enable an employer to provide prompt medical treatment in an attempt to minimize the worker's ultimate disability and the employer's liability; 2.) to enable the employer to investigate the circumstances of the accident promptly; and 3.) to prevent the filing of fictitious claims.

The statute contains no specific time frame but leaves the ALJ with discretion to determine whether notice was given "as soon as practicable" under the specific circumstances of the case. *Newberg v. Slone*, 846 S.W.2d 694 (Ky. 1992). Also, KRS 342.200 excuses timely notice if the employer had notice of the injury or where the delay "was occasioned by mistake or other reasonable cause."

The ALJ properly applied Kentucky law regarding notice when he dismissed Blickenstaff's claim for failure to timely notify his employer pursuant to KRS 342.185. As the ALJ noted in his Opinion and Order, Blickenstaff was under the care of two "competent physicians" and the "near six-month delay in

7

giving notice was not explained." Not only did Blickenstaff's cumulative trauma argument conflict with the causation opinion of his treating neurologist, Dr. Zerga, it also ignored Blickenstaff's statements to Dr. Zerga in November 2014 that he suffered a particular workplace injury while lifting a box on September 22, 2014. Given that injury date, we see no error in the ALJ's conclusion that Blickenstaff failed to give notice "as soon as practicable under the circumstances and there was no excuse for the delay."

For the foregoing reasons, we agree with the Board and the Court of Appeals that the ALJ properly dismissed Appellant John Blickenstaff's claim against UPS for failure to timely notify his employer. Accordingly, we affirm.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Charles William Gorham


COUNSEL FOR APPELLEE,
UNITED PARCEL SERVICE, INC.:

Kenneth J. Dietz
Christopher Newell

8