RENDERED: DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0333-WC

PEPSICO INC. APPELLANT

v. PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-62801

SEAN STEWART; HONORABLE
CHRISTINA D. HAJJAR,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD APPELLEES

OPINION
VACATING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE: PepsiCo appeals the Workers' Compensation Board's (Board)

February 26, 2021 order vacating and remanding the opinion of the Administrative

Law Judge (ALJ). PepsiCo argues the Board engaged in impermissible fact-

finding when it found a date of notice contrary to the ALJ's decision. We agree

and vacate the Board's decision with instructions to reinstate the ALJ's order and opinion.

## BACKGROUND

On January 5, 2019, Sean Stewart injured his right knee while performing work for PepsiCo. Stewart was a merchandiser. His duties included loading cases of beverages onto shelves and displays at retailers. On January 5, Stewart was pulling a cart fully loaded with cases of the product when he slipped and fell, twisting his leg. He was able to get up and he completed his work and went to the next retailer. Beyond that, he continued working, but his knee was getting worse. He started having sharp pains, throbbing, and swelling.

By the end of March or beginning of April 2019, he felt his knee was not getting better, so he contacted his doctor for an appointment. He went to his primary care physician on May 15, 2019; the doctor referred Stewart for an MRI. It was not until June 13, 2019, that the doctor read the MRI and diagnosed Stewart with a torn meniscus. The doctor referred him to physical therapy for six weeks.

The day after he received the news, June 14, 2019, he notified his supervisors about his injury. He chose to wait until this day because he wanted to see if his condition would improve on its own.

It was not until a month later that Stewart filled out an injury report and gave a written statement to his supervisor. PepsiCo sent Stewart for an

examination on July 25, 2019. After the examination, PepsiCo placed Stewart on restrictions for three weeks and returned him to light duty the following week. Shortly thereafter, Stewart underwent arthroscopic knee surgery and did not return to work until October 25, 2019. He returned to his pre-injury position and stated he planned to seek no further treatment, felt fine, and was strong and getting better. According to Stewart, he believed PepsiCo intended to pay for his surgery. It was not until he received a denial letter that he learned otherwise. His personal health insurance paid for his surgery.

He then initiated a workers' compensation action. The case went before the ALJ who determined Stewart did not inform PepsiCo of his injuries until June 14, 2019, and that did not suffice under the applicable statute as notice having been given as soon as practicable. The ALJ dismissed his claim.

Stewart appealed to the Board claiming his June 14, 2019 notice did qualify as having been given as soon as practicable. The Board did not address Stewart's arguments supporting that claim. Instead, it found the notice date determined by the ALJ was wrong and made a finding that notice was given April 1, 2019 because that is the date Stewart included in the First Report of Injury Report. Based on its own finding of the notice, the Board vacated and remanded the ALJ's decision for an opinion in conformity with its decision that PepsiCo was informed of Stewart's injury on April 1, 2019. This appeal followed.

## STANDARD OF REVIEW

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). And, the ALJ, as fact-finder, possesses the discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Our review proceeds accordingly.

## ANALYSIS

PepsiCo argues the Board engaged in impermissible fact-finding, made flagrant errors of law and fact concerning the evidence, and violated statutory authority and case law. We agree and vacate the Board's decision.

The ALJ is the fact-finder in workers' compensation cases, KRS[1] 342.285, and has sole discretion to determine the weight, credibility, quality, character, and substance of evidence and the inferences to be drawn from the

---

[1] Kentucky Revised Statutes.

evidence. *Paramount Foods*, 695 S.W.2d 418 at 419; *Addington Res., Inc. v. Perkins*, 947 S.W.2d 421, 422 (Ky. App. 1997).

Here, the ALJ properly cited *Harlan Fuel Company v. Burkhart* for the holding that, under the notice provision of the Act, KRS 342.185:

> notice must be given as soon as practicable after the occurrence of the accident and we have, with some strictness, held claimants to its requirement under the theory that its purpose is (1) to give the employer an opportunity to place the employee under the care of competent physicians in order to minimize his disability and the employer's subsequent liability; (2) to enable the employer to investigate at an early time the facts pertaining to the injury; and (3) to prevent the filing of fictitious claims when lapse of time makes proof of lack of genuineness difficult.

296 S.W.2d 722, 723 (Ky. 1956). An absence of actual prejudice to the employer is not enough and "delay is excused only by the employer's actual knowledge of the claim or by mistake or other reasonable cause"–*i.e.*, by the employer's learning of the injury other than by the claimant's notice. *Blue Diamond Coal Co. v. Stepp*, 445 S.W.2d 866, 868 (Ky. 1969), *superseded by statute on other grounds as stated in Newberg v. Slone*, 846 S.W.2d 694, 697-98 (Ky. 1992). By Stewart's own testimony, he first informed PepsiCo of his January 5, 2019 injury on June 14, 2019–five months after sustaining it.

We agree with PepsiCo that the Board disregarded the fact that no one but Stewart referenced the April 1, 2019 date. More importantly, Stewart's

-5-

unequivocal sworn testimony was that he first gave notice on June 24, 2019, and never argued notice was given on any earlier date, including April 1, 2019.

We also agree with the ALJ that:

> the *Granger* case . . . is directly on point and makes it clear that Stewart's lack of notice for more than five months is insufficient notice in light of the fact that he knew he sustained a fall, he had immediate and continued pain which continues to worsen, and he sought treatment, all without notifying his employer.

(ALJ opinion and order, pp. 8-9 (citing *Granger v. Louis Trauth Dairy*, 329 S.W.3d 296, 296 (Ky. 2010)).

In *Granger*, the claimant injured his leg on August 15, 2007, when a case of nine half-gallon milk containers struck him in the shin. Granger admitted his leg hurt but, like Stewart, "did not consider the injury to be a 'big deal' at the time." 329 S.W.3d at 296-97. As with Stewart's injury, Granger's injury did not heal. September came and passed. In October, the injury "became red and discolored and an open sore developed and began to drain. He attempted self-treatment but eventually sought treatment with his family physician on November 7, 2007 . . . ." *Id.* at 297. As with Stewart, Granger's health insurance carrier paid part of his physician's medical bills and those of a wound specialist to whom he was later referred. Finally, Granger "notified [his employer] of the injury sometime in November 2007," approximately three months after the injury. *Id.*

We first note that even our agreement with the Board's April 1, 2019 date would not make *Granger* inapposite. Shortening Stewart's delay to three months from five would have meant these facts even more closely parallel *Granger* whose delay, as noted, was also three months. This case is a stronger one for application of *Granger*'s analysis. Still, these paragraphs from *Granger* are more than analogous and we quote them, in pertinent part, as follows:

> Although it may be impractical to expect a worker to report every minor workplace bump and bruise, an accident forceful enough to knock a grown man to the ground . . . clearly is more than a trivial event. . . . [A] worker might reasonably view . . . [such an event] as being an insignificant injury that does not warrant reporting. Continuing to view the accident and injury as being insignificant becomes less and less reasonable, however, when the harmful changes heal slowly, fail to heal, or worsen.

> The ALJ decided this case reasonably. The claimant failed to give notice of his accident and injury until about three months [in Stewart's case, five months] after they occurred. Evidence that what at first appeared to be an insignificant [injury] had failed to heal after two months . . . and concerned the claimant sufficiently to cause him to seek medical attention clearly does not compel a finding that he remained mistaken about the seriousness of his injury and acted reasonably by failing to report the accident and injury until sometime thereafter.

*Id.* at 299.

Stewart's case cannot, reasonably, be distinguished from *Granger*. And for that reason, we must vacate the Board's order.

## CONCLUSION

The Board's February 26, 2021 opinion is vacated with instructions to reinstate the ALJ's opinion and order.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kristin M. Downs
Lexington, Kentucky

BRIEF FOR APPELLEE:

Melissa Anderson Hofe
Louisville, Kentucky